OPINION
{¶ 1} Defendant-Appellant, Thomas A. Braniger ("appellant"), appeals from the judgment entered in the Coshocton Municipal Court overruling his motion to modify his sentence for one count of failure to comply, a first degree misdemeanor pursuant to R.C. 2921.331(A). Appellant assigns as error:
 I {¶ 2} "THE TRIAL COURT ERRED WHEN IT SUSPENDED DEFENDANT'S COMMERCIAL DRIVER'S LICENSE AND ORDERED HIM NOT TO OPERATE A MOTOR VEHICLE FOR SIX MONTHS AS A SPECIAL CONDITION OF PROBATION IMPOSED AS PART OF A CRIMINAL SENTENCING ENTRY FOR "FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER".
 II {¶ 3} "THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO ATTEND A DRIVER INTERVENTION PROGRAM AND ORDERED HIM TO PAY $325.00 FOR THE SAME AS A CONDITION OF PROBATION IMPOSED AS PART OF A CRIMINAL SENTENCING ENTRY FOR `"FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER."'
 {¶ 4} This court initially notes that appellant has failed to order and file a transcript of the lower court proceedings. Under such circumstances, this court could affirm the trial court's judgment based upon the presumption that the trial court proceedings are valid unless the contrary is established through the transcript of proceedings. See Knappv. Edwards Laboratories (1981), 61 Ohio St.2d 197. However, this court will review the facts as set forth in the parties' briefs and make a merit determination of appellant's assigned errors.
 {¶ 5} On or about August 30, 2003, at 12:13 a.m., Deputy Nick Strasser was on routine patrol when he noticed a truck, which was later identified as belonging to appellant, traveling at a high rate of speed. As the deputy pursued the vehicle, he observed appellant's truck pull into a cemetery and stop. A tavern, by the name of Mustang Sally's was located on the opposite corner from the cemetery.
 {¶ 6} As the deputy stopped his cruiser behind appellant's vehicle, he observed an older white male with gray hair and a gray beard exit the driver's side of the vehicle, circle around the front of the vehicle, and run past the passenger's side of both the truck and the cruiser. Although the deputy gave chase and repeatedly advised the suspect to stop, the deputy lost sight of the individual as he ran between some mobile homes that were located behind Mustang Sally's.
 {¶ 7} The deputy returned to his cruiser and determined that the truck was registered to appellant and that appellant's description matched the description of the individual that the deputy had observed running from the scene. The deputy performed an inventory search of the vehicle and noticed a strong odor of alcoholic beverage within the cab. The truck was subsequently towed and placed in impound.
 {¶ 8} Within a day or two, appellant and his wife appeared at the police station attempting to report that their vehicle had been stolen. When appellant was advised that he would be charged with speeding and fleeing and eluding, he requested time to consult with his lawyer. When appellant was served the citations for speeding and fleeing and eluding, he inquired of the deputy whether they could work out the situation with a lesser charge to protect his commercial driver's license.
 {¶ 9} During plea negotiations, the state agreed to dismiss the speeding charge and amend the fleeing and eluding to one of failure to comply. Based upon that agreement, appellant pled guilty to one count of failure to comply and the trial court sentenced appellant to ninety days in jail and a six hundred and fifty dollar fine. The trial court also gave appellant the option of being placed on probation for two years with various terms, including, but not limited to, that appellant successfully attend and complete a three day driver intervention program and agree that his license would be suspended for six months. Appellant agreed to those terms and the court suspended three hundred and twenty-five dollars from his fine and eighty-five days of his jail sentence.
 {¶ 10} Thereafter, appellant filed a motion with the trial court requesting that his sentence be modified. Specifically, appellant maintained that the trial court could not properly suspend his driving privileges and require him to attend a driver intervention program based upon a conviction for failure to comply.
 {¶ 11} We now turn to appellant's assigned errors.
 I {¶ 12} Through his first assigned error, appellant maintains the trial court exceeded its authority when it sentenced appellant to six months license suspension. We disagree.
 {¶ 13} R.C. 2951.02(C) provides, in pertinent part:
 {¶ 14} ". . . in the interest of doing justice, rehabilitating the offender, in ensuring his good behavior, the court may impose additional requirements on the offender, . . . [and] compliance with the additional requirements shall also be a condition of the offender's probation. . . ."
 {¶ 15} As pointed out by appellant, the Ohio Supreme Court in State v. Jones (1990), 49 Ohio St.3d 51, 58, provided a three part test to determine if a condition of probation is related to the "interest of doing justice, rehabilitating the offender, and ensuring his good behavior." The reviewing court must determine if (1) the condition of probation is reasonably related to rehabilitating the offender, (2) whether there is some relationship to the crime for which the offender was convicted, and (3) whether the condition of probation relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.
 {¶ 16} Based upon that test, we believe the trial court properly suspended appellant's driver's license. Clearly, based upon the facts that were presented to this court, appellant is fortunate that he was not charged and convicted of one count of operating a motor vehicle while under the influence of alcohol. We believe a jury could reasonably have concluded that appellant, by failing to comply with the lawful orders of a police officer, was attempting to avoid a charge of driving under the influence of alcohol. We certainly believe the trial court had sufficient justification, based upon the facts of this case, to order as a condition of probation that appellant attend a driver's intervention program and have his commercial driver's license suspended for six months.
 {¶ 17} Accordingly, we hereby overrule appellant's first assigned error.
 II {¶ 18} Through a second assigned error, appellant maintains the trial court exceeded its authority by ordering him, as a condition of probation, to attend a driver's intervention program.
 {¶ 19} For the reasons stated under the first assigned error, we hereby overrule appellant's second assigned error.
 {¶ 20} For the reasons set forth hereinabove, this court hereby overrules appellant's assigned errors.
 {¶ 21} The judgment of the Coshocton County Municipal Court is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.