[Cite as *State v. Kostic*, 2014-Ohio-4862.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-13-056

    Appellee                                     Trial Court No. 12 CR 659

v.

Johnn Kostic                                    **DECISION AND JUDGMENT**

    Appellant                                    Decided:  October 31, 2014

* * * * *

Tim A. Dugan, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Johnn Kostic, appellant, appeals an August 7, 2013 judgment of conviction and sentence of the Wood County Court of Common Pleas for the offense of possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. Kostic pled guilty to the offense.  In the judgment, the trial court ordered appellant placed on community control under the general supervision of the Adult Probation Department for a period of three years.

{¶ 2} This is an *Anders* case. Pursuant to procedures announced in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for appellant states that he is unable to find meritorious grounds for this appeal. Following *Anders* procedure, counsel filed an appellate brief, asserting potential assignments of error. Appellate counsel also filed a motion to withdraw as counsel for appellant.

{¶ 3} Counsel mailed copies of the appellate brief and motion to withdraw as counsel, to appellant. By letter, counsel notified appellant of his right to file his own assignments of error and appellate brief within 45 days of receipt of the *Anders* brief.

{¶ 4} Two potential assignments of error are asserted in the *Anders* brief:

1. The trial court erred by ordering terms and conditions of community control that were unreasonable and not related to appellant's crime or rehabilitating appellant.

2. Appellant received ineffective assistance of counsel.

{¶ 5} The first potential assignment of error contends that the terms and conditions of community control imposed in appellant's sentence are unreasonable. Appellant objects to terms and conditions requiring: (1) successful completion of the Intensive Supervision Probation Program; (2) continued treatment with Century Health for a chemical dependence/substance abuse treatment and successful completion any and all recommendations for services; (3) contacting Century Health for a mental health assessment and successfully completing any and all recommendations for services;(4) attending Alcoholics Anonymous or any 12-Step support meetings as required by the

2.

Adult Probation Department and submit verification of attendance at said meetings (5) obtaining and maintaining employment at a lawful occupation approved by the Adult Probation Department; (6) completing 300 hours of community service work at a rate of not less than 100 hours per year; and (7) payment a $1,000 fine at a monthly rate as directed by the Adult Probation Department. Appellant also objects to the trial court ordering that a violation of any of the community control sanctions may result in a more restrictive sanction, a longer period of community control, or a prison term of 12 months.

{¶ 6} Community control conditions must be reasonably related to the statutory ends of community control and must not be overbroad. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 12-16, citing *State v. Jones*, 49 Ohio St.3d 51, 52-53, 550 N.E.2d 469 (1990); *State v. Schwartz*, 6th Dist. Wood No. WD-12-060, 2013-Ohio-3958, ¶ 10. In determining whether a condition reasonably relates to the statutory ends of community control, the Ohio Supreme Court directs:

{¶ 7} [C]ourts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Footnote omitted.) *Talty* at ¶ 12, quoting *Jones* at 53.

{¶ 8} In *Talty*, the Ohio Supreme Court recognized that "[b]ecause community control is the functional equivalent of probation, this proposition applies with equal force to community-control sanctions." *Talty* at ¶ 16.

3.

{¶ 9} Appellant was convicted of possession of cocaine and was on probation at the time of the offense. At the time of sentencing, appellant was in treatment at Century Health for substance abuse. The presentence investigative report details longstanding substance abuse problems, including use of cocaine. Appellant tested positive for opiates at the time of his presentence interview.

{¶ 10} Counsel for appellant recommended at sentencing that the court consider requiring appellant to secure mental health treatment. Appellant stated at the presentence interview that he was receiving mental health counseling at Century Health. Records provided by the agency indicated a diagnosis of polysubstance dependence and generalized anxiety disorder.

{¶ 11} We view the terms and conditions of community control requiring participation in the Intensive Probation Program, continued substance abuse treatment, submitting to a mental health assessment and following any recommendations for mental health treatment, as well as attending 12 step support meetings are reasonably related to rehabilitating appellant, relates to appellant's conviction for drug possession, and relates to criminal drug activity. We conclude that these conditions of community control are reasonably related to the statutory ends of community control and are not overbroad.

{¶ 12} The community control condition requiring 300 hours of community service is authorized as a condition of community control by R.C. 2929.17(C). The statute authorizes up to 500 hours of required community service. *Id.* A potential prison term of twelve months upon violation of the terms and conditions of community control

4.

on a conviction for a fifth degree felony is also within the range of sentences authorized by statute. R.C. 2929.15(B)(2); R.C. 2929.14(A)(5). R.C. 2929.17(J) specifically authorizes imposition of a condition of community control that the offender obtains employment.

{¶ 13} We find potential assignment of error No. 1 not well-taken.

{¶ 14} Under potential assignment of error No. 2, appellant contends that he received ineffective assistance of counsel.

{¶ 15} To prevail on a claim of ineffective assistance of counsel, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. A defendant must establish both prongs of the standard to demonstrate ineffective assistance of counsel. *Strickland* at 687.

{¶ 16} Appellant was unable to identify any issue on which representation by trial counsel was deficient and but for the trial counsel's errors the outcome of the case would

5.

have been different.  Accordingly, we find potential assignment of error No. 2 not well-taken.

{¶ 17} This court, as required under *Anders,* has undertaken its own independent examination of the record to determine whether any issue of arguable merit is presented for appeal.  We have found none.  Accordingly, we find this appeal is without merit.  We grant the motion of appellant's counsel to withdraw as counsel and affirm the judgment of the Wood County Court of Common Pleas.  We order appellant to pay the costs of this appeal pursuant to App.R. 24.

{¶ 18} The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
               JUDGE
Arlene Singer, J.       

            _____
Stephen A. Yarbrough, P.J.     JUDGE
CONCUR.

            _____
               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.