DECISION AND JUDGMENT ENTRY
This appeal comes to us from a sentencing order issued by the Erie County Court of Common Pleas, Juvenile Division. Because we conclude that the trial court abused its discretion when it ordered a misdemeanant into a sex offender program, we reverse.
Appellant, Johnny C. Young, was two weeks past his nineteenth birthday when he kept his fifteen year old girlfriend out past her curfew. The girl's parents disapproved of the relationship and involved police. Appellant was charged with a violation of R.C. 2919.24, contributing to the unruliness of a child,[1] a first degree misdemeanor.
Appellant eventually pled no contest to the charge and was found guilty. He was sentenced to sixty days local incarceration. Thirty days of the sentence was suspended, conditioned upon, inter alia, appellant's evaluation and treatment in a sex offender program.
Appellant now brings this appeal, asserting the following single assignment of error:
"The sentence rendered by the trial court is unlawfuland amounts to an abuse of discretion."
The only part of his sentence appellant contests is being ordered into a sex offender program as a condition of probation.
 "Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides that '* * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension.' The courts' discretion in imposing conditions of probation is not limitless. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.
 "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." State v. Jones
(1990), 49 Ohio St.3d 51, 52-53 (citations omitted).
We have throughly reviewed the record in this case and failed to find any evidence or allegation that appellant participated in any sexual misconduct. The only mention of the word "sex" is in the state's brief. There, appellee asserts that a police report states that the juvenile girl's father told a police officer that he had learned that his daughter had sexual intercourse with appellant. Notwithstanding the multiple hearsay problems with this report, no such report is contained in the record. See App.R. 9.
Absent any record of a sexual allegation, we must conclude that making appellant participate in a sexual offender's program bears no relationship to his rehabilitation, no relationship to the crime of which he was convicted, and no relationship to any potential future criminal conduct. Consequently, the addition of the offending condition constitutes an abuse of the court's discretion.
Accordingly, appellant's sole assignment of error is well taken.
On consideration, the sentencing order of the Erie County Court of Common Pleas, Juvenile Division, to the extent that it ordered appellant into a sex offender program, is reversed. Costs to appellee.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,J., CONCUR.
[1] Both the complaint and the sentencing order inaccurately refer to this as contributing to the "delinquency" of a child. "Delinquency" is the commission of an act by a minor which would constitute a crime if done by an adult. See R.C. 2151.02. A curfew violation is a status offense, that is an act prohibited to a minor which would not constitute a crime if committed by an adult. See, Waddington, Children in the Legal System (1983), 604.