OPINION JUDGMENT ENTRY
{¶ 1} Defendant Jason O. Wood appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which convicted and sentenced him for one count of assault in violation of R.C.2903.13, unlawful restraint in violation of R.C. 2905.03, and aggravated menacing, in violation of R.C. 2903.21. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court abused its discretion in sentencing when after sentencing the defendant/appellant it imposed a term and condition of probation that prevents the defendant/appellant from employment as a law enforcement officer which bears no relation to sentencing objectives."
 {¶ 3} The record indicates appellant was indicted for one count of domestic violence in violation of R.C. 2919.25, one count of abduction in violation of R.C. 2905.03, one count of unlawful restraint in violation of R.C. 2905.03, and one count of aggravated menacing in violation of R.C. 2903.21. Appellant originally pled not guilty, but changed his plea to guilty after the State reduced the charges against him.
 {¶ 4} The trial court sentenced appellant to a term of six months incarceration on the assault charge, a term of sixty days on the count of unlawful restraint, and a term of six months on the count of aggravated menacing, to be served concurrently. The court suspended the sentence and placed appellant on probation for a period of two years. The court ordered various conditions of probation in suspension of the sentence. The condition at issue here is that the appellant not be employed in any position, office, or occupation which could be considered to be law enforcement. The record indicates that appellant had been employed first by a city police department, and then by the Coshocton County Sheriff's office until his arrest for the above charges.
 {¶ 5} A trial court has discretion to impose conditions of probation, if the terms are reasonably related to rehabilitating the offenders; have some relationship to the crime of which the offender was convicted; and relate to the conduct which is criminal or which is reasonably related to future criminality and serves the statutory ends of probation, see State v. Jones
(1990), 49 Ohio St.3d 51, 550 N.E.2d 469. Appellant asserts the court abused its discretion because its order prohibits one of his fundamental property rights, the right to seek and maintain employment. Appellant argues this condition of probation is wholly unrelated to the charges, because the charges are not related to his performance of his duties as a law enforcement officer and had no direct bearing on his ability to function as one. Appellant argues, in effect, the court's order is overbroad. Finally, appellant argues this term of probation does not relate to any criminal acts or future criminal acts, and does not serve the statutory ends of probation.
 {¶ 6} Appellant asserts that prohibiting him from returning to work in law enforcement is unnecessarily burdensome, because it does not take into consideration any alternative job positions appellant could perform without the use of weapons or daily contact with the public. Appellant urges the prohibition works contrary to the rehabilitative process because it prohibits him from working in what has always been his professional career.
 {¶ 7} At the sentencing hearing, the court engaged in a lengthy discussion of the incident which gave rise to these charges, and the effect the incident had on all the parties involved. The court also noted appellant had a prior charge of domestic violence, for which he attended a diversion program in lieu of conviction. The court also reviewed allegations appellant had violated the conditions of his release during the pendency of this action. The court discussed appellant's arrearages in child support, characterizing them as "writing yourself an interest-free loan at your child's expense", Tr. at 24. The court commented that appellant did not take his obligation as a law abiding citizen seriously, and noted his status as a former law enforcement officer made it unreasonable to send him to jail. The court stated on the record the only reason why it was suspending the jail sentence was because there was literally no place appellant could be incarcerated safely. Finally, the court informed appellant his days as a law enforcement officer were over because he had demonstrated good cause for making such an order.
 {¶ 8} After the court outlined the conditions of probation, it inquired directly of appellant whether he was willing to accept a suspended misdemeanor sentence under the terms and conditions the court had outlined. The court told appellant if the terms and conditions were not acceptable, it would be much better if appellant would inform the court then and there. The appellant responded "Yes, You're Honor". Thereafter, defense counsel addressed the court on other concerns, but did not raise any issues about the conditions of probation.
 {¶ 9} Although the court did not state on the record what it would do if the conditions of probation were unacceptable to appellant, it is reasonable to suppose the court would have given a different sentence, possibly less lenient.
 {¶ 10} The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see State v. Adams
(1980), 62 Ohio St.2d 151. From our review of the record, we conclude the trial court was not unreasonable, arbitrary, or unconscionable, and did not abuse its discretion in tailoring the conditions of probation to the situation as the court perceived it.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas, of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., and Farmer, J., concur.
Edwards, J., concurs separately.