The STATE of Ohio, Appellee,

v.

Jeffrey W. ABEREGG, Appellant.

[Cite as *State v. Aberegg*, 191 Ohio App.3d 348, 2010-Ohio-6502.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 08CA0079–M.

Decided Dec. 30, 2010.

Norman Brague, Director of Law, and Page Schrock III, Assistant Director of Law, for appellee.

Timothy Young, State Public Defender, and Spencer Cahoon, Assistant State Public Defender, for appellant.

DICKINSON, Presiding Judge.

## INTRODUCTION

{¶ 1} A jury found Jeffrey Aberegg guilty of one count of telecommunications harassment. The trial court sentenced him to 60 days in jail, with the 60 days suspended, and five years of community control. Aberegg appealed, assigning as errors that his conviction was against the manifest weight of the evidence and that the trial court erred in failing to grant his motion for dismissal as provided by Crim.R. 29. This court affirmed his conviction. He then filed an application to reopen his appeal in accordance with App.R. 26(B), which this court granted. He argues that the trial court exceeded its discretion in the terms it imposed on his community control and that his appellate counsel was ineffective for failing to raise that issue on appeal. This court vacates that part of his sentence that is related to community control and remands for resentencing.

## BACKGROUND

{¶ 2} Following repeated calls by Jeffrey Aberegg to the Wadsworth prosecutor's office in 2001, the city of Wadsworth prosecutor sent him a letter prohibiting him from calling or visiting the prosecutor's office. Over the next seven years, Aberegg continued to call the office, occasionally prefacing the call by saying that he knew he was not supposed to be calling. In 2008, he left a message on the voice mail of a paralegal at the prosecutor's office. After listening to the message, the prosecutor filed charges against Aberegg for telecommunications harassment based on his failure to abide by the terms of the letter. A jury convicted Aberegg.

{¶ 3} The trial court sentenced Aberegg to 60 days' incarceration, with all 60 days suspended, and to five years of community control. Included among the terms of his community control was that Aberegg could not "be on any property owned or operated by the City of Wadsworth, including but not limited to, City Hall, Transfer Station, WCTV, Sanitary Engineer, Fire Station, Police Station or City Parks." Additionally, the trial court prohibited Aberegg from calling any city of Wadsworth office, including the prosecutor's and mayor's offices. The

trial court did make an exception allowing Aberegg to visit the Probation Department.

{¶ 4} Aberegg appealed, assigning as errors that his conviction was against the manifest weight of the evidence and that the trial court had erred in failing to grant his motion to dismiss for insufficient evidence. This court overruled both assignments of error and affirmed Aberegg's conviction. Aberegg then filed a motion in accordance with App.R. 26(B) to reopen his appeal. In his motion, Aberegg argued that his appellate lawyer was ineffective because he failed to argue that the trial court exceeded its discretion in imposing the terms of his community control. The state did not respond to the motion. This court granted the motion, determining that there was a genuine issue of whether appellate counsel was ineffective.

## THE TRIAL COURT'S DISCRETION

{¶ 5} Aberegg's sole assignment of error is that the trial court exceeded its discretion when it set the conditions of his community control by barring him from all property owned or operated by the city of Wadsworth. The state concedes that the community-control conditions are overly broad, acknowledging that the conditions "could be interpreted as prohibiting Mr. Aberegg from being on the streets or sidewalks owned by the City of Wadsworth." It does not contest Aberegg's entitlement to a remand for proper sentencing.

{¶ 6} When imposing a sentence of community control, trial courts "may impose any other conditions of release under a community control sanction that the court considers appropriate." R.C. 2929.25(A)(1)(a). In *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469, the Ohio Supreme Court set forth a three-part test to determine whether conditions of probation were within the discretion of the trial court. Courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id. at 53. Additionally, the conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." Id. at 52.

{¶ 7} "*Jones* stands for the proposition that probation conditions must be reasonably related to the statutory ends of probation and must not be over-broad." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 16. Since *Jones* was decided, community control has replaced probation as a possible sentence. Id. at ¶ 16, citing *Cleveland Bar Assn. v. Cleary* (2001), 93 Ohio St.3d 191, 192, 754 N.E.2d 235, fn. 1. Recognizing that "community control is the functional equivalent of probation," the Ohio Supreme Court adopted the test

set forth in *Jones* for determining the reasonableness of community-control conditions. Id.

{¶ 8} Aberegg was convicted of one count of telecommunications harassment in violation of R.C. 2917.21(A)(5). Under R.C. 2917.21(A)(5), "[n]o person shall knowingly make or cause to be made a telecommunication * * * to another, if the caller * * * [k]nowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises." Schrock's letter told Aberegg that he could not call the prosecutor's office, but he called anyway.

{¶ 9} The state has acknowledges that "the current conditions of probation could be interpreted as prohibiting Mr. Aberegg from being on the streets or sidewalks owned by the City of Wadsworth," and it does not contest Aberegg's entitlement to a remand for the imposition of proper conditions of community control. In effect, the state concedes that the conditions of Aberegg's community control do not pass the test for reasonableness set out in *Jones*. While prohibiting Aberegg from some city property could have a relationship to his crime, a blanket ban on use of public property, such as the trial court imposed upon Aberegg, is overly broad. Since using public spaces is not criminal conduct, any conditions imposed on Aberegg restricting his access to public property must be, in addition to being related to his crime, reasonably related to rehabilitation and preventing future crime. The current conditions fail to pass the *Jones* test and are overly broad. Aberegg's assignment of error is sustained.

## INEFFECTIVE ASSISTANCE OF COUNSEL

{¶ 10} As required by App.R. 26(B)(7), Aberegg addresses "the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." "To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, quoting *Strickland v. Washington* (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to establish a claim of ineffective assistance of counsel, the defendant must show that his counsel was "deficient and that he was prejudiced by that deficiency." *State v. Morgan*, 9th Dist. No. 07CA0124–M, 2008-Ohio-5530, 2008 WL 4693134, at ¶ 37, citing *Strickland* at 687. The standard for determining whether an attorney's assistance was deficient is "simply reasonableness under prevailing professional norms." *Strickland* at 688.

{¶ 11} Aberegg argues that since his assignment of error is based on established Ohio case law, his appellate lawyer was ineffective by failing to raise it. Additionally, he argues that the terms of his community control were so extreme that his appellate lawyer's failure to challenge them was objectively unreasonable. Finally, Aberegg argues that if his appellate counsel had raised the assignment of error, it would have resulted in relief. As discussed above, this court sustains Aberegg's assignment of error. Therefore, this court concludes that there is a reasonable probability that if the issues had been raised on direct appeal, the result of the proceeding would have been different.

{¶ 12} In determining the deficiency of his appellate lawyer's assistance, this court recognizes that "[c]ounsel need not raise all nonfrivolous issues on appeal." *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339. Even meritorious arguments may be abandoned if they are "sufficiently problematical that the refusal to raise them cannot be assailed as an unreasonable professional judgment." Id., quoting *Cunningham v. Henderson* (C.A.2, 1984), 725 F.2d 32, 36. Aberegg's assignment of error, however, was not a "sufficiently problematical" argument. In accordance with App.R. 26(B)(9), Aberegg's appellate counsel was deficient and Aberegg was prejudiced by that deficiency. Therefore, we vacate our previous decision. This court affirms Aberegg's conviction but vacates his sentence with regard to the conditions of community control and remands to Wadsworth Municipal Court for proper sentencing.

## CONCLUSION

{¶ 13} Aberegg's appellate lawyer provided ineffective assistance on his original appeal. In accordance with App.R. 26(B)(9), this court vacates its previous judgment and enters the appropriate judgment. Aberegg's conviction for telecommunication harassment is affirmed. The trial court exceeded its discretion in setting the overly broad conditions of Aberegg's community control. The community-control part of Aberegg's sentence is vacated, and the cause is remanded to Wadsworth Municipal Court for resentencing.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WHITMORE and BELFANCE, JJ., concur.