[Cite as *State v. Nigrin*, 2016-Ohio-2901.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2015-T-0056** |
| MICHAEL L. NIGRIN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Central District Court.
Case No. 15 CRB 00024.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, Michael L. Nigrin, appeals the April 27, 2015 judgment of the Trumbull County Central District Court convicting him of one count of criminal trespass, after a bench trial.  Based on the following, we affirm the decision of the lower court.

{¶2}   On January 26, 2015, William Kloboves, a resident of Bazetta Township, filed a complaint with the Trumbull County Central District Court alleging appellant entered onto his property on the afternoon of December 31, 2014, without permission.

The state filed charges against appellant on one count of criminal trespass, a misdemeanor of the fourth degree, in violation of R.C. 2911.21. Appellant entered a plea of "not guilty." A bench trial commenced. The following facts were adduced at trial:

{¶3} Mr. Kloboves testified that while he was working in his garage, appellant opened the garage door, without permission, and indicated he wanted to talk. Mr. Kloboves responded that appellant was not permitted on his property and told him to leave. Appellant initially refused to leave; he did so, however, after being asked five or six times. Mr. Kloboves took photographs of appellant during the incident with his cellular phone, which were admitted at trial. Mr. Kloboves contacted the Bazetta Police Department and later met with Detective Joe Sofchek to file a report and give him the photographs. Mr. Kloboves testified he had previously warned appellant to stay off of his property and, further, noted appellant did not have permission to enter onto his property on the day in question.

{¶4} Detective Sofchek testified he had been to Mr. Kloboves' property several times to address complaints of trespassing by appellant, and he had informed appellant to refrain from entering onto Mr. Kloboves' property.

{¶5} Appellant testified that while he did enter onto Mr. Kloboves' property; however, it was to inform Mr. Kloboves that his barn roof, which had blown off, was causing damage to appellant's property. Appellant indicated that when Mr. Kloboves first asked him to leave his property, he complied and left with no argument. Appellant acknowledged that he was aware that he was not permitted on Mr. Kloboves' property.

2

{¶6} Following a bench trial, appellant was found guilty of criminal trespass. He was sentenced to 30 days in jail, a fine of $250, and a one-year reporting probation period; a condition of his probation being that he is prohibited from owning or possessing any firearms or ammunition for firearms.

{¶7} Appellant timely appealed and as his first assignment of error alleges:

{¶8} "The trial court erred, as a matter of law, by finding that the appellant's reasons for entering the premises in question were irrelevant, despite the fact that the trial court accepted the appellant's version of events in that regard as being true."

{¶9} Under this assigned error, appellant maintains the trial court erred in its finding of guilt because he, as a homeowner, was justified in trespassing onto Mr. Kloboves' property. Specifically, appellant maintains that pieces of Mr. Kloboves' barn roof had blown off, causing damages to appellant's property. Appellant contends the trial court found him credible and, in fact, made factual findings regarding the damage to appellant's property caused by Mr. Kloboves' dilapidated barn.

{¶10} Pursuant to R.C. 2911.21(A)(1), a criminal trespass occurs when a person, "without privilege to do so," "[k]nowingly enter[s] or remain[s] on the land or premises of another." R.C. 2901.01(A)(12) defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." "Land or premises" includes "any land, building, structure, or place belonging to, controlled by, or in custody of another[.]" R.C. 2911.21(F)(2).

{¶11} The record demonstrates that Mr. Kloboves has two buildings on his property. On the day in question, Mr. Kloboves was in his garage working on his truck.

3

Appellant opened Mr. Kloboves' garage door and entered the garage. An exhibit was admitted which illustrates appellant entering the garage. Mr. Kloboves testified that he asked appellant to leave his property five or six times before he complied. Mr. Kloboves further testified that he has previously told appellant he is not permitted on his property. This testimony was corroborated by Detective Sofchek, who testified he had previously told appellant to stay off of Mr. Kloboves' property. Further, appellant admitted that in the past, Mr. Kloboves advised him not to enter onto his property.

{¶12} The record demonstrates that appellant was aware he was not permitted on Mr. Kloboves' property; he had been warned not only by Mr. Kloboves but also the police. Appellant, through his testimony, acknowledged he was not permitted on Mr. Kloboves' property. Sufficient evidence, therefore, was presented to establish a violation of R.C. 2911.21(A)(1).

{¶13} Appellant next maintains that the trial court erred in finding him guilty because it found he was on Mr. Kloboves' property due to his concerns about his property damage. Although the trial court acknowledged this statement may be true, it certainly did not make such a finding. In fact, the following exchange, which occurred between appellant and the trial court, belies appellant's argument:

> A: Mr. Kloboves's property damaged my property. His barn roof is blowing off and damaging my property. Then he turns around and –
>
> COURT: -- are you going to get something relevant to a defense to this charge relative to December 31st of 2014?
>
> A: Yes.
>
> * * *
>
> A. Your Honor, Mr. Kloboves is not being honest with you.

4

COURT: About what?

* * *

COURT: -- did he tell you that you can come into the property?

A. No.

COURT: He did not. You've been told more than once that you are not allowed on his property; correct?

A. Yes.

* * *

COURT: Yet you were on his property?

A. His property is causing damage to my property.

COURT: That doesn't give you license to go on his property. If you think you have a cause of action against someone, that doesn't give you the right to go on their property.

{¶14} Appellant also claims he should not have been convicted because he was on Mr. Kloboves' property in order to prevent damages to his property. Defense of property is a recognized defense in Ohio. *See, e.g., State v. Bruckner*, 8th Dist. Cuyahoga No. 63296, 1993 Ohio App. LEXIS 4643, *3-4 (Sept. 30, 1993). The burden is on the defendant to prove the elements of an affirmative defense by a preponderance of the evidence. R.C. 2901.05(A).

> Defense of property, or defense of ejectment, is akin to self-defense. A property owner may eject a trespasser by the use of reasonable force after the trespasser has received notice to depart and fails to do so within a reasonable time. A person lawfully in his or her own residence has no duty to retreat before using reasonable force in defense of that person's residence.

*State v. White*, 2d Dist. Montgomery No. 23816, 2010-Ohio-4537, ¶35 (citations omitted).

5

{¶15} The record does not establish the defense of property was applicable in the case sub judice. Under the facts of this case, appellant cannot avail himself of the defense, for it was appellant who committed a trespass onto Mr. Kloboves' property. He was not on his own property trying to expel Mr. Kloboves. Further, the defense of property is offered when force is used; there was, however, no evidence of force in this case.

{¶16} Appellant's assignment of error is without merit.

{¶17} As his second assignment of error, appellant alleges:

{¶18} "The trial court erred and abused its discretion by ordering that the appellant be prohibited from owning or possessing any firearms or ammunition as a condition of probation."

{¶19} Appellant argues the trial court abused its discretion in imposing as a condition of his probation that he could "not own or possess any firearms or ammunition for firearms." Appellant argues this condition does not relate to the crime and is not reasonably related to the prevention of future criminal activity.

{¶20} Generally, misdemeanor sentencing is within the discretion of the trial court and will not be disturbed if the sentence is within the statutory range. *State v. Rogers*, 11th Dist. Trumbull Nos. 2009-T-0051 & 2009-T-0052, 2010-Ohio-197, ¶9, quoting *Conneaut v. Peaspanen*, 11th Dist. Ashtabula No. 2004-A-0053, 2005-Ohio-4658, ¶18. When reviewing the sentence, the presumption is that the trial court's findings were correct. *Id.* at ¶9.

{¶21} R.C. 2929.27(C) provides that in addition to the specific sanctions authorized under division (A) of that section, a court imposing a sentence for a

6

misdemeanor, other than a minor misdemeanor, "upon an offender who is not required to serve a mandatory jail term may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). To achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.*

> **{¶22}** While a trial court has broad discretion in imposing probation conditions, that discretion is not limitless. In determining whether probation conditions are reasonably related to the statutory purpose of probation and overbroad, a reviewing court should consider 'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'

*State v. Coleman*, 4th Dist. Scioto No. 05CA3037, 2006-Ohio-3200, ¶22, quoting *State v. Jones*, 49 Ohio St.3d 51, 52-53 (1990).

**{¶23}** We agree with the state that the trial court did not abuse its discretion in prohibiting appellant from owning or possessing any firearms or ammunition for firearms. The record demonstrates that appellant has failed to obey previous warnings to refrain from entering onto Mr. Kloboves' property. He opened his garage door and entered without permission or invitation. This is dangerous behavior. During sentencing, Mr. Kloboves informed the trial court that appellant has had encounters with

7

Mr. Kloboves' friends and family, taking pictures and video of them from his property. The trial court recognized that similar disputes have erupted in the past, and appellant has repeatedly failed to refrain from entering onto Mr. Kloboves' property. In fact, the trial court noted that appellant had been charged in 2010, wherein he entered onto Mr. Kloboves' property without permission. The trial court noted that this conduct has become an "obsession" on the part of appellant. Observing these prior incidents, the trial court stated: "no amount of prior warnings, threats, and commands have had any impact on you."

{¶24} Appellant complains his conviction was only a "low grade misdemeanor" and, thus, such a probation condition was not warranted. Yet, the record is replete with evidence that appellant has engaged in ongoing harassment and has repeatedly failed to heed not only Mr. Kloboves' instructions to stay off the subject property, but also that of both the police and trial court. Further, it is apparent the trial court was concerned about appellant's obsessive behavior with regard to Mr. Kloboves. It is the type of conduct that could easily provoke a physical confrontation, and there is no rational excuse for it. Appellant's behavior is completely inappropriate, aberrant, and cause for serious concern. We also recognize there is some indication in the record that appellant is seeking mental health treatment. And, although the record does not divulge the specifics of appellant's mental health treatment, we do note there are statutes that prohibit certain persons from possessing firearms. *See, e.g.*, R.C. 2923.13 (felons and incompetents), and 2923.15 (persons under the influence of drugs or alcohol). Consequently, we find this term of appellant's probation was reasonably related to

8

rehabilitating the offender, bore some relationship to appellant's conviction, and served the statutory ends of probation.

{¶25} Appellant's second assignment of error is without merit.

{¶26} The judgment of the Trumbull County Central District Court is hereby affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.