[Cite as *State v. Moloney*, 2016-Ohio-7822.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RICHARD A. MOLONEY,

    DEFENDANT-APPELLANT.

CASE NO. 5-16-10

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2015 CR 269

Judgment Affirmed

Date of Decision:  November 21, 2016

APPEARANCES:

    *Tim A. Dugan* **for Appellant**

    *Mark C. Miller* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Richard Moloney ("Moloney") brings this appeal from the judgment of the Court of Common Pleas of Hancock County sentencing him to community control which included a term of local incarceration. Moloney claims that the trial court's judgment was unreasonable when it included a term of local incarceration that would likely result in the loss of employment. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 8, 2016, Moloney entered a plea of guilty to one count of possession of a controlled substance in violation of R.C. 2925.11(A), a felony of the fifth degree. Doc. 19, 50. The trial court accepted the guilty plea and sentenced appellant to five years of community control sanctions. Doc. 21, 28 As part of those sanctions, the trial court ordered Moloney to serve 30 days in the local jail. Doc. 28. The trial court deferred the time at the discretion of the probation officer. *Id*. Moloney brings his appeal from this judgment and raises the following assignment of error.

> **The trial court's terms and conditions for community control were unreasonable.**

{¶3} The sole issue raised upon appeal is whether the trial court's sentence, which included 30 days of local incarceration, was unreasonable. A trial court has broad discretion in determining which community control sanctions to impose. *State v. Oates*, 3d Dist. Hardin No. 6-12-19, 2013-Ohio-2609, ¶ 21, 993 N.E.2d 846.

However, those sanctions must be reasonably related to the statutory ends and not

overly broad. *Id.* citing *State v. Jones,* 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

> **In Jones, the Supreme Court of Ohio relied on a "commonsense" understanding of the conditions of supervision to determine whether a condition is overbroad and held that "[c]ourts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him[.]" * * * "The goals of community control are 'rehabilitation, administering justice, and ensuring good behavior.' " * * * "Thus, 'courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.' " * * *.**

*Oates, supra* at ¶ 22.

> **(A)(1) If in sentencing an offender for a felony the court is not required to impose a prison term * * * upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. * * ***
>
> **The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. * * * If the court sentences the offender to one or more nonresidential sanctions under section 2929.17 of the Revised Code, the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law and must not leave the state without the permission of the court or the offender's probation officer. The court may impose any other conditions of release under a community control sanction that the court considers appropriate * * * .**

R.C. 2929.15. One of the residential sanctions which is permitted by statute is that

the trial court may require an offender to serve a term of up to six months in a

community-based correctional facility that serves the county or a local jail. R.C. 2929.16(A), (B).

{¶4} In this case, Moloney was sentenced to community control and as part of that sentence, the trial court ordered that Moloney serve 30 days in the Hancock County Justice Center. The trial court ordered this portion of the sentence due to the fact that while awaiting sentence for possession of cocaine, Moloney tested positive for cocaine and marijuana. The trial court found that while Moloney was amenable to community control, the jail time was the consequence for failing to abide by the terms of his bond and testing positive for drugs while awaiting sentencing. The sentence imposed by the trial court was within the community control sanctions allowed by statute. Although there may be a negative consequence to Moloney as a result of the sentence, that alone does not mean that the trial court abused its discretion. The trial court considered Moloney's claim that the sentence would cause him to lose his employment and modified the sentence to address the issue. Tr. 55-57. Contrary to Moloney's argument on appeal, the trial court did not refuse any accommodation. Rather, the trial court left the issue of when the time would be served to the discretion of the probation officer. This sentence was permitted by the law and there is no indication in the record that the trial court abused its discretion in imposing the sentence. Therefore, the assignment of error is overruled.

{¶5} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**