[Cite as *State v. Seifert*, 2022-Ohio-2901.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ANDREW SEIFERT | : | Case No. 2021-CA-00039 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
                             Case No. 21-CRB-00415




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            August 18, 2022




APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

MITCHELL R. HARDEN                     SCOTT P. WOOD
136 W. Main St.                        120 E. Main Street, Suite 200
Lancaster, OH  43130                   Lancaster, OH  43130

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant Andrew Seifert appeals the December 2, 2021 judgment of the Fairfield County Municipal Court placing him on one year community control and ordering him not to own dogs while he is on community control. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  On March 21, 2021, two dogs owned by Seifert attacked Kim Pope while she was walking her dog across the street from Seifert's home. Both Pope and her dog sustained injuries. Pope's dog sustained life-threatening injuries. Seifert was subsequently charged with two minor misdemeanor counts of dog at large. Additionally, both dogs were designated dangerous dogs due to injury caused to Pope.

{¶ 3}  On April 8, 2021, Seifert's neighbors captured video of Seifert's dogs again at large and not properly confined as per requirements for dogs found to be dangerous per R.C. 955.22(D)(1). Seifert was subsequently charged with two fourth-degree misdemeanor dangerous dog at large violations.

{¶ 4}  On December 2, 2022, Seifert entered pleas of guilty to one count of dog at large and one count of dangerous dog at large. At sentencing the state recommended a fine, court costs, a suspended jail term, two years community control, good behavior, and no dog ownership while on community control. Seifert contested the state's proposed condition of no dog ownership. He argued he was 55 years old, employed, had lived at his current residence for 29 years were he successfully raised 10 dogs, had no prior record, and no longer owned the two dogs at issue. After hearing Seifert's arguments, the trial court ordered a $25 fine on each count and court costs. The trial court also placed

Seifert on one year of community control and ordered that he own no dogs during that time.

{¶ 5}   Seifert timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 6}   "THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY IMPOSING AN UNREASONABLE CONDITION OF COMMUNITY CONTROL."

{¶ 7}   In his sole assignment of error, Seifert argues the condition of community control prohibiting him from owning dogs was unreasonable and therefore an abuse of discretion. We disagree.

{¶ 8}   The Supreme Court of Ohio has recently reiterated that a trial court does not abuse its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior. *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶ 8, citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 12. The Court additionally noted a condition of community control may not be overly broad so as to unnecessarily impinge upon the offender's liberty. *Id*. quoting *State v. Jones*, 49 Ohio St.3d at 52, 550 N.E.2d 469.

{¶ 9}   In the case at bar, we find no abuse of discretion. The instant matter involved the second time within 18 days that Seifert's dogs were at large. See companion case *Fairfield County Dog Warden v. Andrew Seifert*, 5th Dist. Fairfield No. 2021 CA 38. Seifert's disregard for the requirements of keeping his dangerous dogs properly confined is concerning after his dogs injured Pope and nearly killed her dog. We find the condition

of no dog ownership for the duration of Seifert's community control is reasonably related to the crimes to which Seifert pled guilty, to rehabilitating Seifert, and to ensuring Seifert's good behavior. Moreover, nothing in the record indicates that the prohibition against dog ownership will continue following Seifert's successful completion of his community control.

{¶ 10} The sole assignment of error is overruled.

By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.

EEW/rw