THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as State *v.* Jones (1990), 49 Ohio St. 3d 51.]

(No. 88-370—Submitted November 15, 1989—Decided February 21, 1990.)

*Michael R. Fegen*, prosecuting attorney, and *John R. Keys*, for appellant.

*Per Curiam.* The single issue presented for our review is whether this trial court under the instant circumstances abused its discretion in imposing as a condition of probation that this defendant "have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family." For the reasons which follow, we find that the trial court did have authority to limit the probationer's associations with minors, and as reasonably interpreted did not abuse its discretion imposing such a condition on probation.

Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides that "* * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." The courts' discretion in imposing conditions of probation is not limitless. See *State* v. *Livingston* (1976), 53 Ohio App. 2d 195, 196-197, 7 O.O. 3d 258, 259, 372 N.E. 2d 1335, 1337, citing *United States* v. *Strada* (D.C. Mo. 1974), 393 F. Supp. 19; *People* v. *Dominguez* (1967), 256 Cal. App. 2d 623, 64 Cal. Rptr. 290; *Williams* v. *State* (Tex. Crim. App. 1975), 523 S.W. 2d 953; see, also, *Lakewood* v. *Davies* (1987), 35 Ohio App. 3d 107, 519 N.E. 2d 860, paragraph two of the syllabus. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. See *State* v. *Maynard* (1988), 47 Ohio App. 3d 76, 547 N.E. 2d 409.

In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. See, *e.g.*, *United States* v. *Tolla* (C.A.2, 1986), 781 F. 2d 29, 32-33; *State* v. *Maynard, supra,* at paragraph two of the syllabus; *State* v. *Livingston, supra; Howland* v. *Florida* (Fla. App. 1982), 420 So. 2d 918, 919; *Rodriguez* v. *Florida* (Fla. App. 1979), 378 So. 2d 7; *Nitz* v. *State* (Alaska App. 1987), 745 P. 2d 1379.

In the case *sub judice,* Jones was convicted on multiple counts of contributing to the unruliness or delinquency of a minor. He contended in the court of appeals that the condition of his probation that restricted his association or communication with persons under the age of eighteen years, not members of his immediate family, was too broad and violated his right to privacy.

In *Ramaker* v. *State* (1976), 73 Wis. 2d 563, 566, 243 N.W. 2d 534, 536-537, the Supreme Court of Wisconsin dealt with an issue similar to the one at bar where as a condition of a defendant's probation he could not "associate with minor children." The court held, *inter alia,* that "[a] probation condition that a person convicted of taking indecent liberties with a child not associate with minor children is a reasonable condition. * * * The word 'association' implies a loose relationship * * *." *Id.* Also, in *Nitz* v. *State, supra,* an offender convicted of multiple counts of lewd and lascivious acts toward children, sexual assault, and

sexual abuse, was given probation on the condition that he "not live in a home where minor girls under the age of 18 reside or are present," and have "[n]o contact with minor girls under the age of 18 unless a responsible adult is present." *Id.* at 1381. The *Nitz* court held:

"[T]he disputed conditions of probation appear to us to be reasonably related to the goal of rehabilitation and are not unduly restrictive. * * *

"Moreover, the terms of the conditions appear to us to be capable of being readily understood. A commonsense reading of the conditions is sufficient to provide Nitz with fair notice of what conduct is prohibited, and there has been no showing of any realistic possibility that the conditions, as currently framed, would encourage arbitrary enforcement. We find no basis for concluding that the conditions are vague or overbroad." *Id.* at 1381-1382.

Furthermore, in *California* v. *Mills* (1978), 81 Cal. App. 3d 171, 146 Cal. Rptr. 411, a condition of probation was imposed on a defendant convicted of lewd and lascivious conduct with a child under fourteen, that he not associate with minors under the age of eighteen, or frequent places where such minors congregate unless in the presence of responsible adults. The *Mills* court decided that "the condition has a direct relationship to the crime of which defendant is convicted and while it relates to conduct that is in itself not criminal, it forbids conduct that is reasonably related to the prevention of future criminality on Mills' part." *Id.* at 181-182, 146 Cal. Rptr. at 417. Additionally, the court noted, "[t]his may be an interference to a degree with Mills' freedom of movement and freedom of choice of places he goes and associates he keeps, yet this is totally in accordance with the concept expressed in *People* v. *Mason* [1971], 5 Cal. 3d 759,

764-765 [97 Cal. Rptr. 302, 488 P. 2d 630], which held a person by reason of his conviction of a public offense enjoys a reduced expectation of privacy." [1] *Id.* at 182, 146 Cal. Rptr. at 417. See, also, *Commonwealth* v. *Reggie* (1979), 264 Pa. Super. 427, 429, 399 A. 2d 1125, 1126 (condition of probation, imposed on defendant convicted of corruption of a minor and indecent assault, that he "stay away from juveniles and young adults" upheld); *In re Dunn* (1971), 158 Mont. 73, 488 P. 2d 902 (condition of probation, imposed on a defendant convicted of the sale of dangerous drugs, that he not be found in the company of anyone under eighteen held to be within the discretion of the trial court); *Hardman* v. *Hardman* (1988), 185 Ga. App. 519, 521, 364 S.E. 2d 645, 647 (condition of probation, imposed on a defendant indicted for child molestation and contributing to the deprivation of a minor and who pleaded guilty to simple battery, that he not have any unsupervised contact with females under the age of fourteen held not to be an abuse of discretion); *Howland* v. *Florida, supra* (condition of probation, imposed on a defendant convicted of negligent child abuse, that he not reside with any children under

sixteen upheld as being reasonably related to the crime and future criminality); *United States* v. *Tolla, supra* (condition of probation, imposed on a defendant convicted of income tax evasion based on false statements made under oath, that she refrain from teaching young people upheld as being reasonably related to rehabilitating the defendant and protecting the public).

In the present case the condition of probation relating to the association and communication with minors was reasonably related to rehabilitating Jones, without being unduly restrictive. Moreover, the condition, rationally interpreted, relates to the crime of which Jones was convicted, namely, contributing to the unruliness or delinquency of a child. Although the condition does not directly relate to conduct which is in itself criminal, it does reasonably relate to future criminality and serves the statutory ends of probation.

The condition of probation questioned here appears to us to be capable of being readily understood. A "commonsense" reading of the condition provides Jones with fair notice of what conduct is prohibited. See *Nitz, supra.* Reasoning in the same manner as the

---

[1] Numerous federal courts have upheld conditions that limit a probationer's freedom to engage in otherwise lawful activities. *United States* v. *Gracia* (C.A.2, 1985), 755 F. 2d 984, 991 (probationer who refused to testify under a grant of immunity before grand jury investigating a terrorist group lawfully prohibited from associating with known or suspected terrorists or their associates); *United States* v. *Lawson* (C.A.10, 1982), 670 F. 2d 923, 930 (probationer convicted of failing to file income tax returns lawfully prohibited from membership in tax protest organizations); *United States* v. *Villavin Gevena* (C.A.1, 1977), 553 F. 2d 723, 726-727 (police officer convicted of civil rights violation in carry-

ing out an arrest lawfully required to resign from police force during period of his probation); *Malone* v. *United States* (C.A.9, 1974), 502 F. 2d 554, 556-557, certiorari denied (1975), 419 U.S. 1124 (a sympathizer with the Irish Republic movement convicted of gunrunning lawfully prohibited from associating with Irish cultural, political or social organizations); *Berra* v. *United States* (C.A.8, 1955), 221 F. 2d 590, 598, affirmed (1956), 351 U.S. 131 (union business manager convicted of tax evasion as a result of failure to report kickback income lawfully prohibited from holding union office or employment); *United States* v. *Tolla, supra.*

court in *Nitz*, we conclude that the words, "have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family," should reasonably be interpreted as meaning an illicit, or potentially unlawful association or communication.

Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against Jones. We find no abuse of discretion by the trial court in imposing this condition of probation. Consequently, the court of appeals had no basis for concluding that the condition was overbroad and unreasonable.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for execution of the sentence.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

MOYER, C.J., H. BROWN and RESNICK, JJ., dissent.

H. BROWN, J., dissenting. Because I believe the conditions imposed on appellee's probation to be unreasonable, though well-intentioned, I dissent.

The purpose of probation is to provide the offender an opportunity to rehabilitate himself under the guidance and supervision of the criminal justice system. 3 LaFave & Israel, Criminal Procedure (1984) 141, Section 25.3(a) (quoting *Roberts* v. *United States* [1943], 320 U.S. 264, 272).

In furtherance of this goal, Ohio courts enjoy broad discretion in fashioning reasonable conditions of probation. R.C. 2951.02(C); Leggette, An Introduction to Conditions of Probation in Ohio (1980), 9 Cap. U.L. Rev. 639, 656. To be valid, conditions of probation must be reasonably related to the offense involved, the rehabilitation of the defendant, or the protection of the public. LaFave & Israel, *supra*, at 146, Section 25.3(c). Conversely, "[a] condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the [*sic*] future criminality or does not serve the statutory ends of probation is invalid." *State* v. *Livingston* (1976), 53 Ohio App. 2d 195, 197, 7 O.O. 3d 258, 259, 372 N.E. 2d 1335, 1337.

Clearly, the court should impose probation conditions which are designed to protect the public and prevent appellee from repeating his crime. In fact, it would have been well within the trial court's discretion to have refused probation in this case. It can be argued that appellee was fortunate to obtain

probation. However, if probation is granted, the conditions attached thereto must be reasonable and capable of enforcement.

The trial court required appellee, as a condition of probation, to "have *no association or communication, direct or indirect*, with anyone under the age of eighteen (18) years not a member of his immediate family." (Emphasis added.) If appellee obeys the command of this language, he will not be able to function in society.

To give just two examples, teenagers are often employed in fast-food restaurants, and most newspaper home delivery is performed by minors. Under the literal terms of his probation, appellee may not order a hamburger from a sixteen-year-old, or pay a twelve-year-old for this month's newspaper delivery, since these activities would require direct communication with persons under eighteen. Indeed, appellee could not take a job in any business where teenagers might be fellow employees or customers. He could not go to church. Because the probation condition reaches conduct which is not reasonably related to the risk of future criminality, it is unreasonable. See *State* v. *Maynard* (1988), 47 Ohio App. 3d 76, 547 N.E. 2d 409; *Livingston, supra,* at 197, 7 O.O. 3d at 259, 372 N.E. 2d at 1337.

Presumably the intent of the trial court was not to force appellee to live as a hermit, but to protect the public and encourage appellee's rehabilitation by minimizing the risk that appellee will repeat his offense.[2] Like the majority, I would expect that both appellee and his probation officer understand this, and that the probation officer will not treat normal daily contact with paperboys, hamburger order takers and the church congregation as a probation violation. However, the sentencing court did not specify where the limits of permissible interaction lie. Appellee and his probation officer will have to guess at what will be enforced and what will be overlooked.[3] I disagree with such a slovenly approach to law enforcement. Conditions on a probation should be clearly stated and firmly enforced. There should be no temptation for appellee to test his limits, or for the probation officer to fall into a pattern of arbitrary enforcement.

The majority attempts to save the condition of probation which is before us by making a "rational interpretation." The majority says:

"Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. *Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably* at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case

---

[2] It is a mandatory condition of *all* probation that the probationer must abide by the law. R.C. 2951.02(C). Obviously, if appellee were to "associate" with minors in the manner which led to his arrest and conviction in the instant case, this would constitute a violation of his probation even if there were no other conditions imposed. We are concerned here with what *other* conduct is or is not prohibited by the conditions of probation.

[3] Further, unless appellee's probation officer is willing to maintain twenty-four-hour surveillance on appellee, literal enforcement of this condition is impossible.

would be unreasonably enforced against Jones." (Emphasis added.)

The majority finds that the order before us is clear enough to notify appellee of the conduct expected of him. It does not. The order bars all contact with anyone under the age of eighteen. It gives *absolutely no* guidance as to what types of contact are permitted and what types are precluded.

The sentencing court imposed a condition which it should have known could not be enforced according to its terms. In effect, the court is saying something it does not really mean. This should never happen. If criminal sanctions are to be persuasive as moral communications, the courts imposing them must be seen as "respected and trusted agents." Gorecki, A Theory of Criminal Justice (1979) 23. When the court says something it does not really mean, this undermines society's respect and trust, and encourages offenders and potential offenders not to take the legal system seriously.

It would be better for all concerned — appellee, the probation officer who will supervise appellee, and the public — if the court below had imposed meaningful conditions on the probation such as, for example, a prohibition on unsupervised social contact with persons under age eighteen. Accordingly, I would affirm the court of appeals and remand the case for resentencing.

MOYER, C.J., and RESNICK, J., concur in the foregoing dissenting opinion.