[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant Lamicko Jenkins appeals from his conviction on one count of trafficking in marijuana, in violation of R.C. 2925.03(A), following his plea of no contest. In his single assignment of error, Jenkins challenges the conditions of the nonresidential community-control sanction imposed by the trial judge, who ordered a driver's-license suspension for three years and further required Jenkins to pay arrearages and remain current in his judicially ordered child support. Jenkins argues that neither condition was reasonably related to the offense of which he was convicted, and that they were thus contrary to the holding in State v. Jones (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. We disagree.
Nonresidential community-control sanctions for a felony conviction are now governed by R.C. 2929.17 and2951.02(C)(1)(b), effective July 1, 1996. As a condition of a nonresidential sanction, the court requires that the offender "abide by the law." To "abide by the law," an offender must comply with any judicial orders for payment of child support. Accordingly, State v. Jones has been superseded by Am.Sub.S.B. No. 2, effective July 1, 1996.
The 1996 statutory amendments also provide that for a violation of R.C. 2925.03(A), the trial court has discretion to impose a driver's-license suspension for up to five years. See R.C.2925.03(G) and 2925.03(D). The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 GORMAN and SUNDERMANN, JJ.