OPINION
Appellant Mark Lipan appeals the decision of the Fairfield County Municipal Court, which revoked his probation and ordered him to serve ten days of a previously suspended jail sentence. The relevant facts leading to this appeal are as follows. On July 26, 1999, appellant was the driver of a pickup truck which left the roadway and overturned, resulting in the death of appellant's passenger, James Stewart. On April 4, 2000, appellant was found guilty of reckless operation in violation of R.C.4511.20, a misdemeanor of the fourth degree, following a plea of no contest. Appellant was given a thirty-day suspended jail sentence, subject to the following probation conditions: good behavior for two years, a donation of $500, in lieu of a fine, to the Big Brothers-Big Sisters organization, and two hundred hours of community service. The court also mandated the completion of a remedial driving course. Appellant was given until May 17, 2000 to pay the $500 donation, but the court did not specify a date for completion of community service or the driving course. Appellant requested and received a two-day extension, until May 19, 2000, to pay the $500 donation, which he paid on May 18, 2000. However, on June 12, 2000, the state filed a motion to revoke appellant's probation. On August 3, 2000, the trial court held a hearing on the motion to revoke. After hearing evidence, the court found that appellant was in violation of his probation, and sentenced him to ten days in jail. Appellant successfully obtained a stay of execution pending appeal, and filed his notice of appeal on August 21, 2000. Appellant herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING DEFENDANT'S GOOD BEHAVIOR PROBATION WHEN THERE WAS UNSUBSTANTIAL EVIDENCE TO FIND THAT DEFENDANT VIOLATED ANY CONDITION OF HIS GOOD BEHAVIOR PROBATION.
 I.
Appellant challenges the trial court's decision to revoke probation as an abuse of discretion. We disagree. The state's burden of proof in a probation revocation hearing is to prove, by a preponderance of the evidence, that the defendant violated a condition of probation. State v. Colvin (Oct. 8, 1996), Stark App. No. 95-CA-76, unreported, at 2; State v. Davis (Oct. 12, 1989), Delaware App. No. 89-CA-17, unreported, at 1. This determination is based on "substantial evidence." Id. A trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. State v. Smith (Aug. 28, 1995), Richland App. Nos. 94-CA-62, 94-CA-64; unreported at 4. Appellant specifically argues that the trial court placed upon him no clear time frame for completion of the pertinent conditions of probation, other than the Big Brothers-Big Sisters donation. Rather, he contends, he was left with the impression that he would have a time period of six months to accomplish said conditions, citing the following language from the transcript of the original plea hearing: The Court imposes, um, a one year driver's right suspension, from today. Um, now, what I'm going to do and the reason I'm doing that, Mr. Lipan, is so that I can, um, uh, have some continued control over that matter. If at the end of 180 days, uh, you've complied with all of the aspects of this order, then I will consider, I'm not saying I will, that I will consider reducing that to the 180 days that, that was recommended and was, was agreed to between the State and the defense. Um, so, you need to do your community service, to pay the, uh, donation to Big Brothers/Big Sisters and to maintain good behavior, no new charges, uh, within that time period if you even hope to have, uh, that reduced to 180 days. Tr., April 4, 2000, at 14.
Trial courts are granted broad discretion to fix terms of probation in the interests of doing justice, rehabilitating the offender and insuring the offender's good behavior. State v. Jones (1990), 49 Ohio St.3d 51,52-53; State v. Blumensaadt (Dec. 6, 1991), Ottawa App. No. 90-OT-21, unreported. We believe such discretion also encompasses the trial court's clarification of what constitutes "good behavior." For example, in the realm of State Personnel Board of Review proceedings, we have held that "[a]lthough R.C. 124 does not define good behavior and there is no administrative definition, the regulatory commission has broad discretion to interpret the common sense of such terms." Bontrager v. Cambridge Mental Health Center (May 15, 1990), Guernsey App. No. 89-CA-48, unreported, at 2. Cf. Kiko v. Ohio Dept. of Commerce (1990),48 Ohio St.3d 74, (where the Supreme Court found that although "misconduct" was not defined by R.C. 4735.18, the real estate commission is entitled to determine whether the acts of the real estate broker constitute "misconduct" within the meaning of the statute). On the day of sentencing, the trial court directed appellant to speak to the court's probation officer before leaving the courthouse. Tr., April 4, 2000, at 16. The court further admonished appellant: " * * * I don't want any problems during, during this two year time frame. Do you understand?" Tr., April 4, 2000, at 19. Nonetheless, probation officer Jennifer Rhymer's testimony at the revocation hearing reveals that after appellant tardily paid a community service fee of fifty dollars on May 26, 2000, her "expectation" was that appellant would immediately commence his community service, and she specifically instructed him to contact Mr. Robinson, the coordinator of the community service program. Tr., August 3, 2000, at 6. Appellant made no additional contact with Rhymer regarding community service until July 12, 2000, a full month after the filing of the motion to revoke. Rhymer testified that appellant was argumentative during the July 12 conversation, and that he asserted " * * * that situation sucked because he was supposed to go to Michigan that weekend." Tr., August 3, 2000, at 13-14. The trial court acknowledged the lack of a specific deadline for completion of community service; however, the record clearly reflects the court's deep concern about appellant's failure to respond to "sufficient communication" from the probation department. Tr., August 3, 2000, at 31. We additionally note that the "180 day" language targeted by appellant was originally rendered within the context of the trial judge's consideration of the possibility of lifting the driving suspension. We therefore find substantial evidence was presented to the trial court that appellant violated his good behavior conditions, and the trial court's revocation of appellant's probation did not constitute an abuse of discretion.
For the reasons stated in the foregoing opinion, the decision of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby affirmed.
_________________________________ Wise, J.
By: Wise, J. Edwards, P.J., and Farmer, J., concur.