DECISION
Appellant, Guy L. Mettle, appeals from a judgment of the Franklin County Court of Common Pleas that denied his request to transfer his probation to Washington and sets forth the following assignment of error:
 The trial court erred in ordering that Appellant's probation not be transferred to his state of residence as that order had no relationship to the original offenses, did relate to conduct not criminal in nature, and was not reasonably related to future criminality.
Appellant and Judith Shepperd were married in 1985, and one child was born of the marriage. The parties were divorced in 1988, and appellant was ordered to pay child support. The prosecutor stated child support was $411.67 per month, but apparently it was modified at some time to $179.75 per month. Appellant made regular child support payments through 1991, sporadic support payments in 1992, 1993, and 1994, and has made no child support payments since 1995. In 1996, appellant was indicted on three counts of non-support. The arrearage at the time of sentencing was $18,574.25.
From the record it is unclear when appellant moved to California or to Tacoma, Washington to help care for his sick mother. Appellant stated he was never served with a summons in the criminal cases and was unaware of any pending criminal charges until he was arrested on a warrant following the indictments. Appellant's mother posted bond and he has made all subsequent court appearances.
Appellant entered a plea of guilty to one count of non-support and was sentenced to eighteen months in prison, which was suspended for five years probation. A condition of probation was that appellant comply with the orders of the domestic relations court. In denying the request to transfer probation, the trial court relied on the coercive effect of potential imprisonment and the low unemployment rate in Franklin County.
In his only assignment of error, appellant argues the trial court abused its discretion by refusing to transfer his probation to Washington. Appellant argues that the court's refusal to transfer his probation was not consistent with the purposes of probation, that he has no family ties here and, therefore, it would be more difficult to establish himself and find employment.
In response, the state argues that, pursuant to former R.C. 2951.02(C), the trial court could not allow appellant to leave the state and move to Washington and, even assuming the court could allow the move pursuant to R.C. 5149.17, there was no evidence appellant was a resident of Washington, or that the state would accept him for purposes of supervising his probation.
R.C. 2951.02(C), in effect at the time appellant's crimes were committed, provided:
 (C) When an offender is placed on probation, *** during the period of probation *** he shall abide by the law and not leave the state without the permission of the court or his probation officer. ***
We do not interpret this provision to grant a trial court authority to permit a probationer to leave the state for only short periods of time, particularly in light of R.C. 5149.17. R.C. 5149.17, the Interstate Compact for the Supervision of Parolees and Probationers, allows a state to transfer the probation or parole of an offender to another state, provided certain conditions are met. The court in the sending state may permit the offender to live in the receiving state if he is a resident of the receiving state or his family resides there and he is able to obtain employment in the receiving state, or, if not a resident, the receiving state agrees to the offender being sent there. The receiving state must be given an opportunity to investigate and, if it consents, assumes the responsibility for supervision of the probationer in accordance with the receiving state's standards. In exchange, the probationer agrees to waive extradition and, if there is a violation, a probation officer has the authority to return the probationer to the sending state.
Although the state argues there is no evidence appellant meets the statutory definition to make him a resident of Washington or that the Washington authorities ever indicated their willingness to accept supervision of his probation, the trial court never directed such inquiries to be made.
In State v. Jones (1990), 49 Ohio St.3d 51, the Ohio Supreme Court recognized that courts have broad discretion in setting conditions of probation but noted that such discretion is not unlimited. The court stated, at 53:
 In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. ***
At the outset, we note that many of the factual assertions by the state are not supported by the record before this court. Much of the information argued by the state at the sentencing and in its brief is alleged to be in the pre-sentence investigation; however, this report is not part of the record on appeal. Thus, there is no evidence in the record before this court of appellant's level of education, his past work experience or his relationship with his family, other than the prosecutor's assertion that the authorities were notified as to his whereabouts by his family. Appellant asserts that it was his mother who posted bond following his arrest in Tacoma, Washington, and he makes a vague reference to not being able to defend himself against a restraining order. The basis of or the terms and conditions of any restraining order issued against him in Washington are not part of the record. The reasons for appellant's job loss in California, and his failure to find employment in Washington, are not part of the record.
Nonetheless, based on the limited record before us, we cannot say that the trial court abused its discretion by not transferring appellant's probation to Washington. Appellant's crime of non-support was committed in Franklin County and the threat of possible incarceration here should be an incentive to appellant to make a good-faith effort to comply with the terms and conditions of his probation. Though appellant argues he has had difficulty finding employment, he did state at the sentencing hearing he has found some work through a temporary services agency. While a felony record may be a hindrance to employment, the same would be true in Washington. Further, this conviction appears to be appellant's only conviction and it is for a low-level non-violent offense. At sentencing, appellant did not disclose any particular opportunities for employment in Washington that do not also exist in Ohio, or that he is uniquely qualified for some particular job that exists in Washington but not Ohio. Last, we note the trial court denied transfer of appellant's probation to Washington "at this time," thus suggesting such a request could be made at a future date.
Therefore, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT, P.J., and PETREE, J., concur.