[Cite as *State v. Sheridan*, 2022-Ohio-679.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KAHLIL SHERIDAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0007**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CR 440

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Remanded

---

*Atty. Paul Gains*, Prosecutor, *Atty. Edward Czopur,* Assistant Prosecutor, *Atty. Ralph Rivera,* Assistant Chief Criminal Division, 21 West Boardman Street, 6ᵗʰ Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rachel Cerni,* 3685 Stutz Drive, Suite 100, Canfield, Ohio 44406 and *Atty. Mark Lavelle,* 940 Windham Court, Suite 7, Boardman, Ohio 44512, for Defendant-Appellant.

Dated:
February 28, 2022

**Donofrio, J.**

{¶1} Defendant-Appellant, Kahlil Sheridan, appeals from a Mahoning County Common Pleas Court judgment that limited the amount of contact he could have with his daughter as part of his community control sanctions resulting from his abduction conviction.

{¶2} A Mahoning County Grand Jury indicted appellant on September 10, 2020, on one count of abduction of his daughter, a third-degree felony in violation of R.C. 2905.02(A)(1)(C). Appellant and the victim's mother were having an argument on the day in question, and appellant took his daughter without her mother's permission. Appellant and the victim's mother are not married and no visitation hours were set at this time. The victim was not harmed.

{¶3} After initially pleading not guilty, on November 17, 2020, appellant changed his plea to guilty. The trial court subsequently held a sentencing hearing. The trial court sentenced appellant to five years of community control. As conditions of his community control, the court ordered appellant to complete ten days of community service, to undergo an anger management assessment, and "to have no contact with the victim unless there is supervision." Appellant filed a timely notice of appeal on January 27, 2021.

{¶4} Appellant now raises a single assignment of error that states:

THE TRIAL COURT'S DECISION TO ISSUE A NO CONTACT ORDER UNLESS THERE IS SUPERVISION WITH THE VICTIM/CHILD AS PART OF DEFENDANT/APPELLANT'S COMMUNITY CONTROL SANCTION IS AMBIGUOUS AND, THEREFORE, AN ABUSE OF DISCRETION.

{¶5} Appellant notes that he does not take issue with the imposition of his community control sanction, but rather, he argues that the sanction is ambiguous and unclear as to what acceptable "supervision" is and therefore, that it is unreasonable.

Case No. 21 MA 0007

{¶6}    A no-contact order is a community-control sanction.  *State v Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 20.   A trial court's imposition of community control sanctions are reviewed for an abuse of discretion.  *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10.   A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E .2d 144 (1980).

{¶7}    The no-contact order in this case specifically states:  "DEFENDANT IS TO HAVE NO CONTACT WITH THE VICTIM UNLESS THERE IS SUPERVISION."

{¶8}    The Ohio Supreme Court has held that:

> [i]n determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990).

{¶9}    Recently, the Eighth District Court of Appeals held that all three of these conditions must be satisfied for the reviewing court to find that the trial court did not abuse its discretion.  *Cleveland v Cornely*, 8th Dist. Cuyahoga, No. 109556, 2021-Ohio-689, ¶ 18.

{¶10}   Looking at the three-pronged test set by *Jones*, all three conditions are met by the trial court's sanction here.  The sanction is reasonably related to rehabilitating the offender by allowing appellant restricted rights to seeing his daughter.  There is a relationship to the crime that appellant was convicted of because the victim was his daughter.  Lastly, it is reasonably related to future criminality because this sanction limits the ability of appellant to abduct this daughter again.

{¶11}   Nonetheless, the language of the sanction is uncertain as to its terms.  As mentioned above, the no contact order states that appellant shall have no contact with the victim unless there is supervision.

**{¶12}** At the sentencing hearing, the court ordered appellant to have no contact with the victim "unless the mother or another close relative, such as a grandparent, is present." (Tr. 7). The language in the judgment entry does not provide these details.

**{¶13}** At the hearing, the trial court held that appellant needed to be under the supervision of a close relative such as a grandparent while he was with his daughter. The trial court did not specify the type of supervision that was needed in its judgment entry. In Ohio, a court speaks only through its judgment entry. *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903. This was a clerical error on the part of the trial court.

**{¶14}** A clerical error may be corrected by a nunc pro tunc judgment entry. "Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous decision." *State v. Vernon*, 11th Dist. Lake No. 99-L-006, 2000 WL 522348, *4 (Mar. 31, 2000).

**{¶15}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶16}** For the reasons stated above, the trial court's judgment is remanded. On remand, the trial court is to issue a nunc pro judgment entry to clarify the terms of the community control sanction as it did at the sentencing hearing, specifically setting out who can supervise appellant's visitation with the victim.

Waite, J., concurs.

D'Apolito, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is remanded.  On remand, the trial court is to  issue a nunc pro judgment entry to clarify the terms of the community control sanction as it did at the sentencing hearing, specifically setting out who can supervise appellant's visitation with the victim.   Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**