[Cite as *State v. Wagener*, 2022-Ohio-724.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee                    Court of Appeals No. L-21-1162
                                                                 L-21-1163
Appellee                                                         L-21-1164

                                                Trial Court No. 21 CRB 00196
                                                                 20 CRB 02440
                                                                 19 CRB 01078

v.

Alexander Wagener                               **DECISION AND JUDGMENT**

Appellant                                       Decided: March 11, 2022

* * * * *

Henry Schaefer, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Alexander Wagener, appeals his sentence after a finding of

probation violations and a new conviction in the underlying cases in the Maumee

Municipal Court. Because we find the trial court abused its discretion regarding one condition imposed in one of the cases, we reverse, in part, and remand that case for resentencing to address the error.

**Underlying Offenses**

{¶ 2} Appellant and the victim in these cases had a romantic relationship that ended in late 2019. In late summer, appellant's previous girlfriend confronted the victim and led her to believe that appellant was cheating, and appellant sought to reassure the victim that he had no contact with his ex. Appellant prepared and disseminated a fake protection order, containing the forged signature of a Toledo Municipal Court judge, to convince the victim that the old girlfriend was barred under the court order from having any contact with him.

{¶ 3} On December 16, 2019, appellant was charged with tampering with records in violation of R.C. 2913.42, a misdemeanor of the first degree in case No. 19CRB01078. On March 16, 2020, appellant entered a no contest plea to the charge, and the trial court imposed a jail sentence of 180 days, all days suspended, a fine of $250.00, and placed appellant on community control for a term of two years, with no contact ordered as to either the victim or the prior girlfriend as a condition of his community control.[1]

---

[1] While the trial court referenced probation, the enactment of R.C. 2929.25, effective in 2003, replaced the term "probation" in reference to suspended sentences for misdemeanors under prior statute (R.C. 2951.02) with "community control." *See State v. Mack,* 6th Dist. Lucas No. L-11-1065, 2012-Ohio-2960, ¶ 1, fn 1. We use the term "community control."

2.

{¶ 4} After his plea in case No. 19CRB01078, appellant posted a video on social media in which he made a statement deemed as a threat toward the victim. On April 13, 2020, appellant was charged with attempted telecommunications harassment in violation of R.C. 2917.21(B)(2) and 2923.02, a misdemeanor of the second degree in case No. 20CRB00244. On September 25, 2020, appellant entered a plea of no contest to the charge, and the trial court imposed a jail sentence of 90 days, all days suspended, a fine of $250.00, and placed appellant on community control for a term of two years, with no contact ordered as to the victim.

{¶ 5} The victim complained to appellant's probation officer on several occasions, indicating she continued to receive communications through various social media accounts and email that she believed originated with appellant. Because the communications originated with numbers and accounts not identifiable as belonging to appellant, no community control violations were filed, and the victim was advised to contact police.

{¶ 6} Conduct in late 2020 was eventually linked to appellant. On several dates in December 2020, appellant sent or caused to be sent at least four harassing messages to the victim from at least four different phone numbers, in violation of the no contact condition of his community control in case Nos. 19CRB01078 and 20CRB00244. On March 22, 2021, appellant was charged with telecommunications harassment in violation of R.C. 2917.21(B), a misdemeanor of the first degree in case No. 21CRB00196. This

3.

new case resulted in the filing of community control violations in case Nos. 19CRB01078 and 20CRB00244.

## Plea and Sentencing

{¶ 7} On May 26, 2021, appellant appeared for a plea hearing in case No. 21CRB00196 and hearing on the community control violations in case Nos. 19CRB01078 and 20CRB00244. Appellant admitted to the violations and entered a plea of no contest to the new charge. The trial court proceeded to sentencing, addressing the newest case first.

{¶ 8} In case No. 21CRB00196, the trial court imposed a jail sentence of 180 days, with 140 days suspended, a fine of $500, and ordered appellant to serve ten days in the Corrections Center of Northwest Ohio and 30 days on electronic home monitoring. The trial court also placed appellant on community control for a term of three years, with conditions that included no contact with the victim. In the written judgment entry, the trial court included the condition, "May not create or maintain any social media accounts" as a term of appellant's community control in that case. At sentencing, the trial court explained this condition, as follows:

> Clearly the case that we had in 2020 did not make an impression upon you. You were ordered, I think it was by me, to have no contact. And maybe I should have known better given the history of not just the case history but the contact history. We've got complaints of former

4.

girlfriends, then current girlfriends from 2012, 2015, 2017, 2019, 2020. And three of those I want to say were charges that alleged calls from fake numbers generated by an app, or a social media app or whatever it is.

Sir, in your, this PSI, this Pre-Sentence Investigation you attributed those to crazy girls in high school.

* * *

And then there was an allegation that fake e-mails came not from you but from the victim's mother. What is clear about this pattern is that it is going to stop today.

So, in addition to the terms of [community control] for three years, another no contact with [the victim] that was ineffective last time. So, other than the phone function on your phone and the text function on your phone you are to use no social media for the next three years. Do you understand that?

Do you understand that that means any application on your phone or otherwise that has any communication with any other person; Facebook, Twitter, Snapchat, any apps that change your number so it makes it look like it's coming from another number. Do you understand if you're caught doing that there are 140 days waiting for you at CCNO?

{¶ 9} In case No. 20CRB00244, the trial court imposed the remaining jail term, ordered consecutive to case No. 21CRB00196, and extended community control for an additional year on the same terms. In case No. 19CRB01078, the trial court extended appellant's community control for an additional year on the same terms. The written judgment entries for case Nos. 20CRB00244 and 19CRB00196 indicated an additional year of community control on the "same terms and conditions."

{¶ 10} Appellant filed a timely appeal of all three judgments.

**Assignment of Error and Law**

{¶ 11} While appellant appeals all three judgments, appellant asserts a single assignment of error that challenges only the imposition of the social media ban as a condition imposed in case No. 21CRB00196. The sentencing entries in case Nos. 19CRB01078 and 20CRB00244 contain no such condition. Appellant assigns as error:

> The Trial Court Erred When it Imposed an Overly Restrictive
>
> Condition of [Community Control].

{¶ 12} In challenging the trial court's judgment, appellant concedes that the court may order him to refrain from any contact with the victim, including on social media. Appellant argues, however, that ordering him to have no communication with any person via social media is contrary to R.C. 2929.25 and violates his first amendment rights. Appellant asks for either modification of the terms of his community control or a remand of the case for resentencing to impose proper terms of community control.

6.

**{¶ 13}** We review misdemeanor sentences, including conditions imposed as part of community control, for an abuse of discretion. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10, citing *Lakewood v. Hartman,* 86 Ohio St.3d 275, 277, 714 N.E.2d 902 (1999). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In reviewing the sentence, we may affirm, reverse, or modify, and may remand for the purpose of correcting a sentence that is contrary to law. *See* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2953.07.

**{¶ 14}** A trial court has broad discretion in setting the conditions of community control. *Talty* at ¶ 10; *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990).[2] However, this discretion has limits. *Talty* at ¶ 11; *Jones* at 52, citing *State v. Livingston,* 53 Ohio App.2d 195, 196-197, 372 N.E.2d 1335 (6th Dist.1976) (additional citations omitted.). Pursuant to R.C. 2929.25(C)(2):

> The sentencing court shall require as a condition of any community control sanction that the offender abide by the law and not leave the state without the permission of the court or the offender's probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender. The offender's compliance with the additional requirements

---

[2] *Jones* cites to former R.C. 2951.02, with the language cited now codified at R.C. 2929.25(C)(2).

7.

also shall be a condition of the community control sanction imposed upon the offender.

{¶ 15} Appellant challenges the community control condition as exceeding the parameters of R.C. 2929.25, but also argues the prohibition on social media violates his first amendment rights. We need only reach the constitutional issues if appellant's nonconstitutional challenge is not dispositive. *Talty* at ¶ 9. Therefore, prior to addressing appellant's first amendment argument, we apply the reasonable-relationship test, articulated by *Jones,* to determine whether the condition of community control is reasonably related to rehabilitation, has some relationship to the offense at issue, and relates to criminal conduct and serves the statutory goals of community control. *State v. Chapman,* 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶ 23, citing *Jones* at 53.

### Absolute Social Media Ban not Reasonably Related to Goals of Community Control

{¶ 16} Appellant admitted to conduct that led to his community control violations in his two prior cases, and he entered a plea of no contest to the new charge of telecommunications harassment. On appeal, appellant challenges only the condition of his community control in the newest case that prohibits him from creating or maintaining "any social media accounts." "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *Chapman* at ¶ 8, citing *Talty* at ¶ 12. A condition of

8.

community control, furthermore, may not be "'overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Id.* at ¶ 8, quoting *Talty* at ¶ 13, quoting *Jones* at 53.

{¶ 17} We recognize that freedom of speech is a fundamental right. (Citations omitted) *State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). After conviction, however, an offender serving a sentence enjoys "diminished liberty interests when compared with the general population, [and] a trial court can impose community-control sanctions that limit the offender's fundamental rights, provided that such limitations further the statutory goals of community control and are not overbroad." *Chapman* at ¶ 16, citing *United States v. Knights,* 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed2d 497 (2001); *Talty* at ¶ 12-13.

{¶ 18} The community control condition at issue, in this case, bans all communication with any person on social media. Because this condition curtails a fundamental right, the justification for this condition must not "limit the probationer's liberty more than is necessary to achieve the goals of community control." *Chapman* at ¶ 19, citing *Jones* at 52-53. For this type of condition, "courts should take particular care to ensure that the sanctions are appropriately crafted to meet a proper rehabilitative purpose." *Chapman* at ¶ 19. Pursuant to the test set forth in *Jones,* the condition imposed must be (1) reasonably related to rehabilitation, (2) have some relationship to the

9.

underlying offense, and (3) relate to conduct "which is criminal or reasonably related to future criminality and [serve] the statutory ends of probation." *Jones* at 53.

{¶ 19} At sentencing, the trial court articulated the rehabilitative interest of ending his pattern of harassing behavior, noting appellant's history with the present victim and past victims, all ex-girlfriends. Based on the statements at hearing, appellant tends to focus on the recent women in his life, and appellant has used text and email in addition to social media applications. Additionally, appellant has used technology to disguise the origin of communications, as in his use of spoofed email and alias social media accounts. The condition of community control banned all communication on social media, preventing appellant from sending *and receiving* messages from all people, while ostensibly including only a no contact order relative to phone or email use.

{¶ 20} The prohibited activity, using social media, is not necessarily illicit or unlawful, but a trial court may ban legal activity as a condition of community control in appropriate circumstances. *State v. Harmon,* 6th Dist. Lucas No. L-97-1017, 1998 WL 196285 (Apr. 17, 1998), *2, citing *Jones* at 53. In this instance, however, the trial court's ban on otherwise legal social media use accomplishes nothing more than a no contact would, with the trial court noting appellant's prior disregard of such an order.

{¶ 21} In *Jones,* 49 Ohio St.3d 51, 550 N.E.2d 569, the Supreme Court of Ohio addressed a ban on association and communication, and construed the trial court's intention as part of its review. In *Jones,* the trial court barred association and

10.

communication with all minors not a relative of the probationer, who was on probation after conviction "on multiple counts of contributing to the unruliness or delinquency of a minor." *Jones* at 53. In reviewing this condition, the Supreme Court found that a reasonable, but not literal, interpretation of this condition implied an "illicit, or potentially unlawful association or communication" as opposed to all associations or communications. *Jones* at 55. In reaching this conclusion, the court reasoned:

> Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against Jones.

11.

*Jones* at 55.

{¶ 22} We recognize the troubling pattern of behavior noted by the trial court at the sentencing hearing, including appellant's use of technology to hide his prohibited contacts with the victim in this case. However, we find no way to imply reasonable terms to the trial court's social media ban to connect the condition imposed to the offense or conduct at issue in this case, sending harassing communications to an ex-girlfriend. Thus, applying the *Jones* test, a ban on communication with all people on social media is not reasonably related to appellant's rehabilitation or to his offense of telecommunications harassment of a specific individual.

{¶ 23} The rehabilitative interest, articulated at the sentencing hearing, was to ensure appellant will no longer harass the victim in this case. Rather than a ban on communication with all people, an overly restrictive condition unrelated to the specific rehabilitative interest, the trial court could craft more tailored conditions of community control to address past conduct. Considering the conduct targeted by the trial court, a more tailored condition might be a prohibition against using technology that disguises identity (such as spoofing programs or burner phones), the identification of all social media and phone accounts, or the production by appellant of computer history or phone logs for the personal media used. The absolute social media ban, however, is overly broad and not subject to any reasonable interpretation that permits enforcement.

12.

{¶ 24} While we acknowledge the egregious behavior of appellant that led to the trial court's complete social media ban, we find this condition improper as overly broad and not sufficiently related to the rehabilitative interest articulated by the trial court. Based on our determination under the statute and the *Jones* test, we need not address appellant's constitutional challenge to the trial court's community control condition. *Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 9. Therefore, as to appellant's challenge to an overly restrictive condition under R.C. 2929.25(C)(2), we find appellant's assignment of error well-taken. We reverse in part, vacate the improper community control condition in case No. 21CRB00196, and remand for resentencing in that case, consistent with this decision.

## Conclusion

{¶ 25} Upon due consideration, we find substantial justice has not been done to the party complaining and the judgment of the Maumee Municipal Court is reversed, in part, and remanded for resentencing consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
in part, and remanded.

State of Ohio/City of Maumee
v. Alexander Wagener
L-21-1162, L-21-1163, L-21-1164

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                       _____
                                                        JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                     _____
CONCUR.                                                     JUDGE

                                                        _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.