[Cite as *State v. Haney*, 2026-Ohio-227.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT H. HANEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 BE 0033**

---

Criminal Appeal from the
Belmont County Court, Eastern Division, of Belmont County, Ohio
Case No. 24 CRB 00373

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed in part and remanded.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Andrew S. Lock,* Green Haines Sgambati Co., LPA, for Defendant-Appellant.

Dated:  January 26, 2026

**DICKEY, J.**

{¶1} Appellant, Robert H. Haney, appeals from the June 26, 2025 judgment of the Belmont County Court, Eastern Division, sentencing him to serve three days in jail for a community control violation and imposing conditions following second stage proceedings. Because we find the trial court abused its discretion regarding the second condition, i.e., that Appellant may not utilize social media in any capacity, we reverse in part and remand the matter for the trial court to vacate that improper community control condition.

## FACTS AND PROCEDURAL HISTORY

{¶2} Officer Brian Watson, a police officer with the Bellaire Police Department, stopped Appellant's vehicle after noticing a crack in the windshield and issued him a citation. The officer was later made aware that Appellant was making social media posts that included false information about the officer, including that he had previously been convicted of a felony. The officer was also aware that Appellant had been following and taking videos of him. The officer alleged there was probable cause to support that Appellant made the social media posts with the intent of harassing or intimidating him due to the issuance of the citation.

{¶3} On July 18, 2024, a criminal complaint was filed against Appellant charging him on four counts: counts one through three, telecommunications harassment, misdemeanors of the first degree in violation of R.C. 2917.21(A)(9) and (C)(2); and count four, intimidation of an attorney, victim, or witness in a criminal case, a misdemeanor of the first degree in violation of R.C. 2921.04(A) and (D). That same date, Appellant was appointed counsel and pled not guilty at his arraignment. A recognizance bond was granted on the conditions that Appellant: (1) be of good behavior and have no violations of the law; (2) attend all future court appearances; (3) prepay a $25 application fee; (4) complete and return a financial affidavit; and (5) have no intentional contact or communication with the victim.

{¶4} On November 14, 2024, Appellant and Appellee, the State of Ohio, appeared for a status conference. The State moved to amend count four to a charge of attempted intimidation of an attorney, victim, or witness in a criminal case, a misdemeanor

of the second degree in violation of R.C. 2923.02 and 2921.04. Appellant withdrew his former not guilty plea and pled guilty to count four as amended. The trial court accepted Appellant's guilty plea, dismissed the remaining three counts, and deferred sentencing.

{¶5} On November 25, 2024, the trial court sentenced Appellant to 90 days in jail, with 60 days suspended, subject to the conditions that Appellant: (1) be of good behavior and have no violations of the law; and (2) shall make no malicious posts on social media. The court set a three-year probation term.

{¶6} On May 8, 2025, the State filed a motion to revoke probation alleging that Appellant had violated the conditions by making malicious posts on social media. Attached to the State's motion were various malicious Facebook posts by Appellant, which contained the following: threats to list Bellaire police officers' phone numbers and addresses; allegations that Bellaire officers knew about an individual committing sexual assault and did not investigate it; allegations that Bellaire officers condoned rape and allowed it to occur; and allegations that Bellaire officers had covered up a village council member's stop for driving while intoxicated, among others. *See* (State's Exhibits 1-11).

{¶7} The trial court held first stage proceedings on June 5, 2025 and second stage proceedings on June 26, 2025. The court found Appellant violated the terms of his probation, stating:

> This case came before the Court for Stage II proceedings on the State's Motion to Revoke Probation. . . . Hearing held, testimony and exhibits presented. The Court finds that the Defendant did violate his probation, therefore, his term of probation is revoked.
>
> The Defendant was taken into custody of the Belmont County Jail to begin serving his 3-day jail term commencing on June 26, 2025 at 11:00 a.m. through June 29, 2025 at 11:00 a.m.
>
> The Defendant's probation is now extended for a total of five (5) years, effective November 25, 2024 through November 25, 2029, with the additional conditions that the Defendant cannot publish anything with regards to Bellaire Police Department, this includes any former Bellaire

Police Officer, and the Defendant may not utilize social media in any capacity.

(6/26/2025 Judgment Entry).

{¶8} Appellant served his three-day jail sentence and filed a timely appeal. On July 25, 2025, the State filed a second probation revocation motion alleging violations of the June 26, 2025 judgment currently under appellate review. On August 8, 2025, Appellant filed with the trial court a motion to stay proceedings pending appeal arguing that further revocation proceedings would interfere with our jurisdiction to review the contested probation conditions. Following a hearing, the trial court denied Appellant's stay request. On August 27, 2025, Appellant filed a motion to stay with this court. On September 10, 2025, we granted Appellant's motion for a stay of probation revocation proceedings pending appeal.

{¶9} Appellant raises a single assignment of error for this court's review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT IMPOSED OVERLY RESTRICTIVE PROBATION CONDITIONS.**

{¶10} In his sole assignment of error, Appellant argues the trial court abused its discretion in imposing community control sanctions that are overbroad and infringe on his fundamental rights.

{¶11} At the outset, we note that while the parties and the trial court referred to "probation," the enactment of R.C. 2929.25, "Misdemeanor community control sanctions," effective in 2003, replaced the term "probation" with "community control." *See State v. Griffin*, 2024-Ohio-5846, ¶ 11, fn. 1 (6th Dist.), citing *State v. Wagener*, 2022-Ohio-724, ¶ 3, fn. 1 (6th Dist.), citing *State v. Mack,* 2012-Ohio-2960, ¶ 1, fn. 1 (6th Dist.). Accordingly, we should use the term "community control."

{¶12} "A trial court's imposition of community control sanctions are reviewed for an abuse of discretion." *State v. Sheridan*, 2022-Ohio-679, ¶ 6 (7th Dist.), citing *State v. Talty*, 2004-Ohio-4888, ¶ 10. An abuse of discretion occurs when a court exercises its

judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

A trial court has broad discretion in setting the conditions of community control. *Talty* at ¶ 10; *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990). [fn. omitted] However, this discretion has limits. *Talty* at ¶ 11; *Jones* at 52, citing *State v. Livingston,* 53 Ohio App.2d 195, 196-197, 372 N.E.2d 1335 (6th Dist.1976) (additional citations omitted.). Pursuant to R.C. 2929.25(C)(2):

"The sentencing court shall require as a condition of any community control sanction that the offender abide by the law and not leave the state without the permission of the court or the offender's probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender. The offender's compliance with the additional requirements also shall be a condition of the community control sanction imposed upon the offender."

*Wagener*, 2022-Ohio-724, at ¶ 14 (6th Dist.).

**{¶13}** Appellant challenges the community control conditions as exceeding the parameters of R.C. 2929.25 and also argues the prohibition on social media violates his first amendment rights. This court need only reach the constitutional issues if Appellant's nonconstitutional challenge is not dispositive. *Wagener* at ¶ 15, citing *Talty* at ¶ 9. Thus, prior to addressing Appellant's first amendment argument, "we apply the reasonable-relationship test, articulated by *Jones,* to determine whether the condition of community control is reasonably related to rehabilitation, has some relationship to the offense at issue, and relates to criminal conduct and serves the statutory goals of community control." *Wagener* at ¶ 15, citing *State v. Chapman*, 2020-Ohio-6730, ¶ 23, citing *Jones* at 53.

"Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is

reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *Chapman* at ¶ 8, citing *Talty* at ¶ 12. A condition of community control, furthermore, may not be "'overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Id.* at ¶ 8, quoting *Talty* at ¶ 13, quoting *Jones* at 53.

We recognize that freedom of speech is a fundamental right. (Citations omitted) *State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000). After conviction, however, an offender serving a sentence enjoys "diminished liberty interests when compared with the general population, (and) a trial court can impose community-control sanctions that limit the offender's fundamental rights, provided that such limitations further the statutory goals of community control and are not overbroad." *Chapman* at ¶ 16, citing *United States v. Knights,* 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed2d 497 (2001); *Talty* at ¶ 12-13.

*Wagener*, 2022-Ohio-724, at ¶ 16-17 (6th Dist.).

**{¶14}** Appellant asserts the trial court erred in imposing the community control conditions that he "[1] cannot publish anything with regards to Bellaire Police Department, this includes any former Bellaire Police Officer, and [2] [he] may not utilize social media in any capacity." (9/18/2025 Appellant's Brief, p. 2).

**{¶15}** Regarding the first condition, prohibiting Appellant from publishing anything with respect to the Bellaire Police Department or its officers, we fail to find any trial court error because this restriction is limited to a particular set of victims. This type of restriction was found to be proper by our Sister Court in *Independence v. Muscatello*, 2024-Ohio-4905, ¶ 38 (8th Dist.).

**{¶16}** As stated, the social media posts which led to Appellant's revocation contained the following: threats to list Bellaire police officers' phone numbers and addresses; allegations that Bellaire officers knew about an individual committing sexual assault and did not investigate it; allegations that Bellaire officers condoned rape and allowed it to occur; and allegations that Bellaire officers had covered up a village council member's stop for driving while intoxicated, among others. *See* (State's Exhibits 1-11).

Case No. 25 BE 0033

**{¶17}** This sanction issued by the trial court specifically addresses the conduct that put Appellant in trouble. It prevents Appellant from further posting about the specific police department and officers about whom he had been posting. It also clarifies that the prohibition is any posting, thereby obviating any need to determine whether a particular post is malicious or not. This first restriction is not overly broad as it is reasonably related to rehabilitation, has some relationship to the offense at issue, and relates to criminal conduct and serves the statutory goals of community control. *See Wagener*, 2022-Ohio-724, at ¶ 15 (6th Dist.), citing *Chapman*, 2020-Ohio-6730, at ¶ 23, citing *Jones*, 49 Ohio St.3d at 53.

**{¶18}** However, regarding the second condition, prohibiting Appellant from utilizing social media in any capacity, we find the trial court abused its discretion because a complete social media ban is overbroad. This type of restriction was found to be improper by our Sister Court in *Wagener*, 2022-Ohio-724, ¶ 24 (6th Dist.).

> [Because a] community control condition . . . [banning] all communication with any person on social media . . . curtails a fundamental right, the justification for this condition must not "limit the probationer's liberty more than is necessary to achieve the goals of community control." *Chapman* at ¶ 19, citing *Jones* at 52-53. For this type of condition, "courts should take particular care to ensure that the sanctions are appropriately crafted to meet a proper rehabilitative purpose." *Chapman* at ¶ 19. Pursuant to the test set forth in *Jones,* the condition imposed must be (1) reasonably related to rehabilitation, (2) have some relationship to the underlying offense, and (3) relate to conduct "which is criminal or reasonably related to future criminality and (serve) the statutory ends of probation." *Jones* at 53.

*Id.* at ¶ 18.

**{¶19}** Like *Wagener*, "[t]he prohibited activity, using social media, is not necessarily illicit or unlawful, but a trial court may ban legal activity as a condition of community control in appropriate circumstances." *Id.* at ¶ 20, citing *State v. Harmon,* 1998 WL 196285, *2 (6th Dist. Apr. 17, 1998), citing *Jones* at 53. However, in this instance, like *Wagener*, "the trial court's ban on otherwise legal social media use

accomplishes nothing more than a no contact would, with the trial court noting [A]ppellant's prior disregard of such an order." *Wagener* at ¶ 20.

> In *Jones,* 49 Ohio St.3d 51, 550 N.E.2d 569, the Supreme Court of Ohio addressed a ban on association and communication, and construed the trial court's intention as part of its review. In *Jones,* the trial court barred association and communication with all minors not a relative of the probationer, who was on probation after conviction "on multiple counts of contributing to the unruliness or delinquency of a minor." *Jones* at 53. In reviewing this condition, the Supreme Court found that a reasonable, but not literal, interpretation of this condition implied an "illicit, or potentially unlawful association or communication" as opposed to all associations or communications. *Jones* at 55.

*Id.* at ¶ 21.

{¶20} We recognize Appellant's troubling pattern of behavior. However, we find no way to imply reasonable terms to the trial court's social media ban to connect the condition imposed to the offense or conduct at issue in this case, attempted intimidation of an attorney, victim, or witness in a criminal case. Thus, applying the *Jones* test, a ban on social media is not reasonably related to Appellant's rehabilitation or to his charged offense. *See Id.* at ¶ 22.

{¶21} The rehabilitative interest was to ensure Appellant will no longer harass or intimidate the victim in this case, i.e., the Bellaire Police Department, including any former Bellaire police officer. Rather than a complete ban of social media use, an overly restrictive condition unrelated to the specific rehabilitative interest, the trial court could craft more tailored conditions of community control to address past conduct. The absolute social media ban is overly broad and not subject to any reasonable interpretation that permits enforcement. *See Id.* at ¶ 23.

{¶22} Like *Wagener*, "[w]hile we acknowledge the egregious behavior of [A]ppellant that led to the trial court's complete social media ban, we find this condition improper as overly broad and not sufficiently related to the rehabilitative interest articulated by the trial court." *Id.* at ¶ 24. Based on our determination under the *Jones*

test, we need not address Appellant's constitutional challenge to the trial court's community control condition under R.C. 2929.25. *Id.,* citing *Talty,* 2004-Ohio-4888, at ¶ 9.

## CONCLUSION

{¶23} For the foregoing reasons, Appellant's sole assignment of error is well-taken to the extent provided. The June 26, 2025 judgment of the Belmont County Court, Eastern Division, sentencing Appellant to serve three days in jail for a community control violation and imposing conditions following second stage proceedings is reversed in part and the matter is remanded for the trial court to vacate the second improper community control condition, i.e., that Appellant may not utilize social media in any capacity. The stay of execution of community control revocation proceedings is hereby dissolved.

Robb, J., concurs.

Hanni, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the judgment of the trial court sentencing Appellant to serve three days in jail for a community control violation and imposing conditions following second stage proceedings is reversed in part. We remand this matter to the Belmont County Court, Eastern Division, of Belmont County, Ohio, to vacate the second improper community control condition, i.e., that Appellant may not utilize social media in any capacity. The stay of execution of community control revocation proceedings is hereby dissolved. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**