[Cite as *State v. Kay*, 2022-Ohio-2862.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0058 |
| DALTON C. KAY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-0224

JUDGMENT:     Affirmed in part; Reversed in part; Final
Judgment Entered

DATE OF JUDGMENT ENTRY:     August 17, 2022

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

JAMES S. SWEENEY
James Sweeney Law, LLC
285 South Liberty Street
Powell, Ohio 43065

*Hoffman, J.*

{¶1}   Defendant-appellant Dalton C. Kay appeals the judgment entered by the Muskingum County Common Pleas Court convicting him upon his plea of no contest to improperly handling a firearm in a motor vehicle (R.C. 2923.16(B)) and operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)(a)), and sentencing him to five years of community control, with 90 days of local incarceration.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On April 16, 2021, Appellant operated his pickup truck the wrong direction on Interstate 70, driving east in the westbound lanes.  Appellant passed several vehicles, drove into the median, and then returned to the westbound lane, continuing to drive the wrong direction.  Appellant exited the highway by driving the wrong way up the exit ramp, and stopped at a truck stop.

{¶3}   When police arrived at the truck stop, a man informed them Appellant had pulled into the truck stop at a high rate of speed, and parked between a dumpster and a parked semi-truck.  Officers found Appellant passed out behind the wheel.  When he awakened, officers noted Appellant's pupils were dilated, his eyes were droopy, his speech was slurred, and a strong odor of alcohol emanated from Appellant.

{¶4}   Appellant was unsure where he was going, or where he was headed.  Appellant attempted several times to reach into the console area of the vehicle near his leg, despite being told by the officers to stop reaching.  The officers asked Appellant to exit the vehicle.  Appellant resisted by holding on to the steering wheel and using his knees on the dashboard; however, officers were able to extract Appellant from the vehicle and place him in a cruiser.

{¶5} Sgt. Todd Henry went to Appellant's vehicle to attempt to find identification. Upon looking inside the video, Sgt. Henry notified other officers on the scene he could see a gun in plain view. A Ruger security .9mm semi-automatic pistol was found in the center console area, with nine rounds in the magazine.

{¶6} Appellant was indicted by the Muskingum County Grand Jury with improperly handling a firearm in a motor vehicle and operating a motor vehicle while intoxicated. Appellant filed a motion to suppress the gun found in the vehicle. After an evidentiary hearing, the trial court overruled the motion, finding the gun was in plain view and the search was a valid inventory search. Appellant entered a plea of no contest to both charges and was convicted. The trial court sentenced him to five years community control, with 90 days of local incarceration. As a sanction of community control, the trial court ordered, "Upon completion of Defendant's local incarceration, Defendant shall not remain in or return to Muskingum, County Ohio." Judgment Entry, October 20, 2021, Community Control Sanction 14.

{¶7} It is from the October 20, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION TO SUPPRESS.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FORBID APPELLANT FROM RETURNING TO MUSKINGUM COUNTY.

I.

**{¶8}** In his first assignment of error, Appellant argues the trial court erred in overruling his motion to suppress the firearm found in his car. He argues the search was not a valid protective sweep or inventory search, and the trial court's finding the weapon was located in plain view is against the weight of the evidence presented at the suppression hearing.

**{¶9}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact, in which case an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger*, *supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S.

690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determination of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶10} "When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *See State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

{¶11} Under the plain view exception to the search warrant requirement, police may seize items in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a right of access to the object itself; and (3) the object's incriminating character is immediately apparent. *Horton v. California*, 496 U.S. 128, 136–37 (1990).

{¶12} Trooper Bryan Parrish testified Sgt. Henry walked up to Appellant's vehicle to look for identification, and advised there was a gun in the vehicle. Tr. 12. Trooper Kyle Dickinson then confirmed to Trooper Parrish there was a gun in the area where Appellant had been reaching during earlier police interaction with Appellant. Tr. 12. Trooper Dickinson testified Sgt. Henry stated he was going to the vehicle to look for Appellant's identification. He testified Sgt. Henry walked to the open door of the vehicle, shined his flashlight inside, and said to Tpr. Dickinson, "Right there is a gun." Tr. 26. Trooper Dickinson testified, "So, in plain view, you could see the gun alongside the center console of the pocket of the vehicle." Tr. 26. Sgt. Henry did not testify at the suppression hearing.

{¶13} Appellant argues the trial court's finding the gun was in plain view is against the manifest weight of the evidence because in their reports, Troopers Parrish and Dickinson stated the gun was found during a protective sweep of the vehicle, and did not

state the gun was in plain view. Appellant also argues the testimony the gun was in plain view is against the weight of the evidence because the officers did not see the gun earlier while interacting with Appellant while Appellant was still in the car.

{¶14} In his report, Tpr. Dickinson wrote after securing Appellant, he and Sgt. Henry performed a protective sweep of the vehicle and "immediately noticed" a hand gun along the side of a center console. Def. Ex. 1. Tpr. Parrish wrote in his police report Tpr. Dickinson conducted a protective sweep of the area Appellant was reaching for, and found a gun. Def. Ex. 1. Sgt. Henry wrote in his report he went to Appellant's vehicle to find his identification, as Appellant stated his wallet was in the vehicle. Sgt. Henry's report states, "When I opened the door to find his ID, I immediately observed the handgrip of a handgun standing above a side pocket of the center console on the driver side." Def. Ex. 1. We find the reports may conflict with the officer's testimony regarding whether Sgt. Henry went to the truck to find identification or to conduct a protective sweep, but both Tpr. Dickinson's report and Sgt. Henry's report support the trial testimony and the finding of the trial court the handgun was in plain view.

{¶15} Appellant also argues if the weapon was in plain view, the officers should have seen it when interacting with Appellant during the time Appellant was still in the vehicle. However, it appears from the testimony concerning Appellant's continued attempts to reach for something next to him the weapon may have been obscured by Appellant's physical presence in the vehicle. In addition, the officers' testimony concerning Appellant's condition when they first encountered him in the vehicle indicates the officers were focused on Appellant's physical condition rather than on the contents of the vehicle during their initial encounter.

{¶16} We find the trial court's finding the gun was in plain view is not against the manifest weight of the evidence. Having found the trial court did not err in overruling the motion to suppress based on the plain view doctrine, we need not reach Appellant's arguments concerning protective sweep and inventory search.

{¶17} The first assignment of error is overruled.

II.

{¶18} In his second assignment of error, Appellant argues the trial court erred in imposing a community control sanction forbidding Appellant from returning to Muskingum County after completing his residential sanction.

{¶19} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶20} "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶8. However, a condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id.*, *quoting State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1980). In determining whether a condition of community control is related to the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court should consider whether the condition (1) is reasonably related to rehabilitating the

offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of community control. *Jones, supra*, at 53.

**{¶21}** This Court has held a sentence banishing a criminal defendant from Stark County was not a permissible penalty, and exceeded the authority of the sentencing court. *State v. Jerido*, 5th Dist. Stark No. 1997CA00265, 1998 WL 400919, *1. We similarly find in the instant case the community control sanction banishing Appellant from Muskingum County is not reasonably related to the probationary goals of doing justice, rehabilitating Appellant, and insuring his good behavior, and the trial court abused its discretion in banishing Appellant from Muskingum County.

**{¶22}** The second assignment of error is sustained.

{¶23} The judgment of the Muskingum County Common Pleas Court is affirmed in part and reversed in part. Pursuant to App. R. 12(B), we hereby enter final judgment deleting Community Control Sanction fourteen, which states, "Upon completion of Defendant's local incarceration, Defendant shall not remain in or return to Muskingum, County Ohio," from the trial court's sentence. In all other respects, the judgment is affirmed,

By: Hoffman, J.
Wise, Earle, P.J. and
Delaney, J. concur