[Cite as *State v. Leroy*, 2022-Ohio-4588.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-425 |
| v. | : | (C.P.C. No. 20CR-4722) |
| Matthew W. Leroy, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 20, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee. **Argued:** *Paula M. Sawyers*.

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Defendant-appellant, Matthew W. Leroy, appeals from a judgment of the Franklin County Court of Common Pleas imposing four years of community control in connection with his importuning conviction. For the following reasons, we affirm in part, and reverse in part.

**I. Facts and Procedural History**

{¶ 2} In October 2020, Leroy was indicted by the Franklin County Grand Jury on one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02 as it relates to R.C. 2907.04, a fourth-degree felony, one count of importuning in violation of R.C. 2907.07, a fifth-degree felony, and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31, a fifth-degree felony. In May 2021, Leroy pleaded

guilty to the importuning count, and a nolle prosequi was entered as to the other two counts. Despite a presumption in favor of a prison sentence, the trial court found that the circumstances favored no prison time. Consequently, the trial court imposed four years of community control. As part of Leroy's community control sentence, the trial court imposed multiple specific community control conditions, including conditions barring any new arrests and conditions relating to Leroy's court-ordered child support obligation.

{¶ 3} Leroy timely appeals.

## II. Assignments of Error

{¶ 4} Leroy assigns the following errors for our review:

[1.] The lower court abused its discretion when it imposed as a requirement of Appellant's community control for violating R.C. 2907.07 the special condition that he "comply with child support order and establish wage withholding, if available. Child support in arrears of approximately $3,300 is to be paid down within 24 months over and beyond making all current payments." In the case *sub judice* application of this community control condition is not reasonably related to rehabilitating Appellant for his violation of R.C. 2907.07, has no relationship to Appellant's violation of R.C. 2907.07, and is not related to conduct which is criminal or reasonably related to future criminality and does not serve the statutory ends of community control, all in violation of Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, his Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.15(A)(1), R.C. 2929.18, R.C. 2953.08(G)(2), and *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

[2.] The lower court plainly erred when it imposed as a requirement of Appellant's community control for violating R.C. 2907.07 the special condition that he "comply with child support order and establish wage withholding, if available. Child support in arrears of approximately $3,300 is to be paid down within 24 months over and beyond making all current payments." In the case *sub judice* application of this community control condition is not reasonably related to rehabilitating Appellant for his violation of R.C. 2907.07, has no relationship to Appellant's violation of R.C. 2907.07, and is not related to conduct which is criminal or reasonably related to future criminality and does not serve the statutory ends of community control, all in violation of Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of

the United States Constitution, his Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, Crim. R. 52(B), R.C. 2929.15(A)(1), R.C. 2929.18, R.C. 2953.08(G)(2), and *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

[3.] The lower court abused its discretion when it imposed the community control condition that Appellant "have no new arrests" during the period of supervision. The "no new arrests" condition violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, his Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.15(A)(1), and R.C. 2953.08(G)(2).

[4.] The lower court plainly erred when it imposed the community control condition that Appellant "have no new arrests" during the period of supervision. The "no new arrests" condition violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, his Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, Crim. R. 52(B), R.C. 2929.15(A)(1), and R.C. 2953.08(G)(2).

[5.] The lower court plainly erred when it imposed restitution of "approximately $3,300 [] to be paid down within 24 months over and beyond making all current payments" as a condition of Appellant's community control. This condition violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, his Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, Crim. R. 52(B), R.C. 2929.15(A)(1), R.C. 2929.18, and R.C. 2953.08(G)(2).

## III. Discussion

{¶ 5} Because they involve interrelated issues, we address together all five of Leroy's assignments of error. Leroy's first, second, and fifth assignments of error allege the trial court erred in imposing, as conditions of community control, the requirements that he comply with a child support order, that he establish wage withholding, if available, as to that child support obligation, and, in addition to making all currently required payments, that he pay down, within 24 months, approximately $3,300 child support in arrears. His third and fourth assignments of error allege the trial court erred in imposing, as a condition of community control, the requirement that he not be arrested during the period of

supervision. Thus, Leroy's five assignments of error challenge particular community control conditions that the trial court imposed on him in connection with his importuning conviction.

{¶ 6} If a prison sentence for a felony conviction is not required, a sentencing court may impose community control sanctions as punishment for the offense. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 14; *see* R.C. 2929.15(A)(1) ("If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to [R.C.] 2929.16, 2929.17, or 2929.18."). "If the court sentences the offender to one or more nonresidential sanctions under section 2929.17 of the Revised Code, the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law and must not leave the state without the permission of the court or the offender's probation officer." R.C. 2929.15(A)(1). This means a sentencing court imposing nonresidential sanctions must require the offender to "abide by the law" and not leave the state without the court or probation officer's permission. In this context, "the law" means criminal law. *Columbus v. Bickel*, 77 Ohio App.3d 26, 33 (10th Dist.1991). The court also may impose any other community control condition that it considers "appropriate." *Id.*; *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10. In view of this broad discretion, we review a trial court's imposition of community control sanctions under an abuse of discretion standard. *Id.*

{¶ 7} A trial court's broad discretion in imposing community control sanctions, beyond the two mandated under law, is limited by the goals of community control. *Talty* at ¶ 11; *State v. White*, 10th Dist. No. 14AP-1027, 2015-Ohio-3844, ¶ 5. That is, the additional community control conditions, like probation conditions previously, must reasonably relate to rehabilitation, administering justice, and ensuring good behavior. *Talty* at ¶ 16. To determine whether a community control condition serves those purposes, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation [now community control]." *State v. Jones*, 49 Ohio

St.3d 51, 53 (1990); *Talty* at ¶ 16 (finding the *Jones* test applicable to community control sanctions); *see State v. Stewart*, 10th Dist. No. 04AP-761, 2005-Ohio-987, ¶ 6 ("With the passage of Am.Sub.S.B. No. 2 in 1995, community control is the functional equivalent of and has replaced probation as a possible sentence under Ohio's felony sentencing law."). "*Jones* requires that all three prongs be satisfied in order for this court to find that the trial court did not abuse its discretion." *White* at ¶ 10.

{¶ 8} Here, Leroy challenges the following imposed community control conditions:

> Defendant shall comply with child support order and establish wage withholding, if available. Child support in arrears of approximately $3,300 is to be paid down within 24 months over and beyond making all current payments.

> Defendant shall have no new arrests or convictions.

(July 30, 2021 Jgmt. Entry at 2.) Leroy argues these conditions, as they relate to any new arrests and his child support obligation, do not satisfy the three-prong *Jones* test.

{¶ 9} First, we address the condition that Leroy have "no new arrests." In *State v. Kidwell*, 10th Dist. No. 94APA06-883, 1995 Ohio App. LEXIS 564 (Feb. 16, 1995), this court held the trial court erred in revoking probation based solely on an arrest, "without additional evidence that prohibited conduct actually occurred." *Id.* In reaching that holding, this court rejected the argument that "*Jones* stands for the proposition that a simple arrest, without more evidence of underlying criminal or prohibited conduct, may serve as a condition upon which to revoke probation." *Id. See State v. Byas*, 8th Dist. No. 110157, 2021-Ohio-3924, ¶ 40 (citing cases, including *Kidwell*, for the principle that the mere fact of an arrest cannot be the basis for a community control sanction violation finding). The State argues that the "no new arrests" condition was appropriate here because it was connected to the trial court's order of no new convictions. But this argument is unpersuasive because the trial court's judgment entry states that Leroy "shall have no new arrests *or* convictions." (Emphasis added.) This means merely an arrest would constitute a violation of the condition imposed. Under *Kidwell*, this was error.

{¶ 10} Next, we address the conditions the trial court imposed relating to the child support order. The PSI submitted to the trial court indicates that, in Perry County case No. 2011H1068, Leroy was ordered to pay $129 per month in child support, and, as of the sentencing month in this matter, July 2021, he was approximately $3,300 behind on those

payments. Although referred to in the PSI, a copy of the Perry County order itself was not submitted for the trial court's review. As part of Leroy's community control sentence, the trial court ordered Leroy to comply with the child support order, establish wage withholding, if available, as to that child support obligation, and, in addition to making all currently required payments, pay down, within 24 months, the amount in arrears. Under R.C. 2919.21(B), it is a crime to fail to provide child support as required by court order, and this statute requires a culpable mental state of recklessness. *See State v. Collins*, 89 Ohio St.3d 524, 530-31 (2000) (concluding that because the statute is silent, the culpable mental state required for a violation of R.C. 2919.21(B) is recklessness). Thus, insofar as the trial court ordered Leroy not to violate R.C. 2919.21(B), this was consistent with R.C. 2929.15(A)(1) 's requirement that a sentencing court, imposing nonresidential sanctions, order the offender not to violate any criminal law. However, insofar as the imposed child support related community control conditions went beyond mandating compliance with the terms of the Perry County order in accordance with criminal law, those conditions were imposed at the discretion of the trial court, and therefore needed to satisfy the three prongs of the *Jones* test.

{¶ 11} Leroy argues the child support related community control conditions met none of the three prongs of the *Jones* test. He leads his challenge to these conditions on the second prong—whether the conditions have some relationship to the crime of which the offender was convicted. Thus, we first address this issue.

{¶ 12} We agree the record fails to show that the imposed child support conditions had some relationship to the crime for which Leroy was convicted, importuning. The facts established at the guilty plea hearing indicated that Leroy solicited a victim, whom he believed to be a 15-year-old girl, but was actually a law enforcement officer, to engage in sexual activity with him. In response to Leroy's challenge to the child support conditions, the State suggests there was some relationship between Leroy's importuning conviction and the child support conditions because both involved a juvenile (or at least a person Leroy believed to be a juvenile). We reject this assertion. Even though Leroy's importuning conviction involved what he believed was a juvenile, and the child support related conditions also involved a juvenile, that commonality, without more, does not reasonably establish, for the purpose of the *Jones* test, some relationship between Leroy's crime and

the child support related conditions. Therefore, the trial court erred in ordering the child support related conditions, as part of Leroy's sentence for his importuning conviction, insofar as those conditions went beyond requiring Leroy to comply with the imposed terms of the Perry County child support order.

{¶ 13} For these reasons, we sustain in part, and overrule in part, Leroy's first, second, third, fourth, and fifth assignments of error.

## IV. Disposition

{¶ 14} Having sustained in part, and overruled in part, all five of Leroy's assignments of error, we affirm in part, and reverse in part, the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court for further proceedings consistent with this decision and the law.

*Judgment affirmed in part, reversed in part,*
*and cause remanded.*

KLATT and McGRATH, JJ., concur.